# Jitney Bus Association of Wilkes-Barre, Appellant, *v.* City of Wilkes-Barre.

*Municipalities—Jitneys—Regulation — Bonds — Requirement of corporate security—Continuing liability of surety—Unreasonable requirements—Act of June 1, 1915, P. L. 685.*

1. A city has the right to regulate in the interest of public safety, the running of jitneys as well as all other traffic upon the public streets. Regulation is not to be carried to the extent of prohibition. If from the usual manner of operating certain vehicles the public safety is endangered, the right and duty of special regulation is clear.

2. An ordinance requiring a bond to secure the payment of such damages as may be sustained for loss of life, or injury to person or property occasioned on the public streets by the negligent operation of jitneys, is a reasonable regulation, provided the bond be not made prohibitive in its nature, either by being made too large in amount or by being unnecessarily restricted as to the sureties who may sign it.

3. A municipality is entitled to require of jitney owners good and sufficient security, but a requirement that the bond must be furnished by a surety company, and forbidding the deposit of cash, or a certified check or municipal bonds, or the acceptance of individual freeholders of unquestioned financial responsibility, is unreasonable and void.

4. A provision of an ordinance requiring of jitney owners a bond in a penal sum of a given amount, but stipulating that, after the recovery of that amount, the obligors shall continue to be liable for other additional amounts without limit, is unreasonable as requiring the surety to undertake an indefinite and unlimited responsibility.

5. Pursuant to the Act of June 1, 1915, P. L. 685, conferring upon cities the right to regulate the transportation of passengers

or property, for pay, by motor vehicles not operated on tracks, a city passed an ordinance providing for the taking out of a permit and payment of a license fee by jitney owners, and requiring the owner to furnish and keep in full force and effect at all times a bond "to pay all loss or damages that may result to any person from the negligent or reckless operation of, or the defective construction of said jitney automobile, or which may arise from any violation of any provisions of this ordinance or the laws of the State," and further providing that "Said bond shall be a continuing liability, notwithstanding any recovery thereon." The ordinance provided that in lieu of the bond the owner might furnish a policy of insurance. The ordinance required the operators of jitneys to carry policemen and firemen free under certain conditions. Certain owners of jitneys filed a bill in equity for an injunction to restrain the enforcement of the ordinance. It appeared that several surety companies refused to insure or bond jitneys under this ordinance, that others would do so only with cash or collateral to the amount of the bond so furnished by the insured; the representative of one company testified that his company wrote jitney insurance. *Held,* the provisions of the ordinance (1) requiring the operators of jitneys to carry policemen and firemen free under certain conditions; (2) restricting the sureties upon a bond to surety companies; and (3) requiring that the bond should be a continuing liability, notwithstanding recovery thereon, are unreasonable and unenforceable.

Argued Jan. 19, 1917. Appeal, No. 290, Jan. T., 1916, by plaintiffs, from decree of C. P. Luzerne Co., Oct. T., 1915, No. 25, in equity, dismissing bill in equity in case of The Jitney Bus Association of Wilkes-Barre, an Unincorporated Association, Paul Bennett, George Koch, Chris Clayton, Frank Hill, Charles Egan, Harry Owens, G. Kreidler, A. E. Wolf, Andy Kocon, Fred Vivian, Mat Golob, Martin O'Boyle, J. G. Bauer, A. C. Kile, Harvey Sickler, A. A. Dougherty, Max Cestra v. The City of Wilkes-Barre. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Modified and affirmed.

Bill in equity to enjoin the enforcement of a city ordinance regulating jitneys. Before GARMAN, J.

From the record it appeared that the ordinance in question was in part as follows:

Section 5. In order to insure the safety of the public,

it shall be unlawful for any person to drive or operate such "jitney automobile" or to obtain a permit therefor, unless he shall have given and there is in full force and effect at all times while such person is driving and operating such "jitney automobile," on file with the city council, either (a) a bond of the owner or lessee of said "jitney automobile" with a responsible surety company or association authorized to do business under the laws of the State of Pennsylvania, in the sum of two thousand five hundred dollars ($2,500.00) conditioned that the owner or lessee of said "jitney automobile," for which a permit has been applied, giving its manufacturer's name and number and State license number, will pay all loss or damages that may result to any person from the negligent or reckless operation of, or defective construction of said "jitney automobile," or which may arise from any violation of any provisions of this ordinance or the laws of the State of Pennsylvania. The recovery upon said bond shall be limited to two thousand five hundred dollars ($2,500.00) for the injury or death of one person, and to the extent of two thousand five hundred dollars ($2,500.00) for the death or injury of two or more persons in the same accident. Such bond shall be given to the City of Wilkes-Barre and shall inure to the benefit of any and all persons suffering loss or damage either to person or property as herein provided; and suit may be brought in any court of competent jurisdiction upon said bond by any person or persons or corporation suffering any loss or damage as herein provided. Such bond shall be approved by the city council, and the permission granted by said city council, as herein provided, shall recite that the permit is issued upon condition and in consideration of the filing of said bond. Said bond shall be a continuing liability, notwithstanding any recovery thereon, and, if at any time, in the judgment of the city council, said bond is not sufficient for any cause, the city council may require the party to whom permit is issued, as herein provided, to replace said bond with another

bond satisfactory to the city council, and in default thereof said permit may be revoked. Or (b) a policy of insurance in a company authorized to do business in the State of Pennsylvania, insuring said owner or lessee of said "jitney automobile" against loss by reason of damage that may result to the City of Wilkes-Barre, or to any person or persons or property from the operation of said "jitney automobile." Said policy of insurance to be in limits of five thousand dollars ($5,000.00) for any one person injured or killed, and subject to such limits for each person, a total of ten thousand dollars ($10,-000.00) in case of any one accident resulting in bodily injury or death to more than one person. Said policy shall guarantee payment of any final judgment rendered against the said owner or lessee of said "jitney automobile" within the limits herein provided irrespective of the financial responsibility of any act or omission of said "jitney automobile" owner or lessee. If, at any time, said policy of insurance be cancelled by the issuing company, or the authority of said issuing company to do business in the State of Pennsylvania be revoked, the city council shall require the party to whom the permit is issued, as herein provided, to replace said policy with another policy satisfactory to the city council; and, in default thereof, said permit may be revoked.

Other facts appear in the opinion of the Supreme Court.

The lower court made the following order:

"It is ordered, adjudged and decreed (1) that the bill be dismissed, with the suggestion, however, that the eighteenth section of the ordinance shall not be enforced; (2) that the defendant pay the costs, the questions involved being of a public nature and a portion of the ordinance being held invalid."

Plaintiffs appealed.

*Error assigned,* among others, was in dismissing the bill.

*S. S. Herring*, with him *Thomas Patterson* and *Roger J. Dever*, for appellants.—A municipality has no power to exact a bond from a jitney owner, the Act of June 1, 1915, P. L. 685, not giving that right. Civil duties and civil remedies can neither be imposed and given nor taken away by municipal ordinance, such power belonging exclusively to the legislature: Philadelphia & Reading Railroad Co. v. Ervin, 89 Pa. 71; Philadelphia & Reading R. R. Co. v. Boyer, 97 Pa. 91.

A municipality cannot by ordinance create a right of action between third persons nor enlarge the common law or statutory liability of citizens inter sese: Holwerson v. St. Louis & Suburban Ry. Co., 157 Mo. 216 (57 S. W. Repr. 770); Zimmerman v. Baur, 11 Ind. App. 607 (39 N. E. Repr. 299); Koch, Admrx., v. Fox et al., 71 N. Y. App. Div. 288 (75 N. Y. Sup. 913). To regulate jitneys without regulating other self-propelled motor vehicles conveying passengers for hire is an unreasonable regulation.

*John T. Lenahan*, with him *Paul Bedford, Charles McHugh* and *Alex. Simpson, Jr.*, for appellee.—The ordinance is not unlawful because it exacts a bond or policy of insurance as a prerequisite to the use of its streets: Nolan v. Riechman, 225 Fed. Repr. 812; Memphis v. State ex rel. Ryals, 179 S. W. Repr. 631; City of New Orleans v. LeBlanc, 71 So. Repr. 248; Lutz v. City of New Orleans, 235 Pa. Fed. Repr. 978; Clark v. Russell, 97 Fed. Repr. 900.

The ordinance cannot be held illegal and void on the ground that it is confiscatory: Lutz v. City of New Orleans, 235 Fed. Repr. 978; Greene v. City of San Antonio, 178 S. W. Repr. 6; Memphis v. State ex rel. Ryals, 179 S. W. Repr. 631; Jersey City Gas Co. v. Dwight et al., 29 N. J. Eq. 242.

The ordinance is not illegal because it requires the bond of a surety company to the exclusion of individual and other bonds: West v. City of Asbury Park, 99 Atl.

Repr. 190; State ex rel. Case v. Howell, 147 Pac. Repr. 1159; Auto Transit Co. v. Fort Worth, 182 S. W. Repr. 685; Ex parte Sullivan, 178 S. W. Repr. 537; Memphis v. State ex rel. Ryals, 179 S. W. Repr. 631.

The Act of 1915 does not contain an exclusive expression of the powers of municipalities to regulate jitneys: O'Brien v. City of Erie, 20 Pa. C. C. 337.

The provision that the bond shall be a continuing liability notwithstanding recovery thereon is not invalid.

OPINION BY MR. JUSTICE POTTER, February 12, 1917:

The Act of Assembly of June 1, 1915, P. L. 685, gave to cities in Pennsylvania the right to regulate the transportation of passengers and property by motor vehicles not operated on tracks. Pursuant to this statute the City of Wilkes-Barre passed an ordinance regulating the running of jitneys, which ordinance, after defining a jitney and declaring the operators thereof to be common carriers, provided for the taking out of a permit and payment of a license fee, and required the owner to furnish and keep in full force and effect at all times, "either a bond . . . . . with a responsible surety company or association authorized to do business under the laws of the State of Pennsylvania, in the sum of two thousand five hundred ($2,500) dollars conditioned . . . . . . to pay all loss or damages that may result to any person from the negligent or reckless operation of, or the defective construction of said jitney automobile, or which may arise from any violation of any provisions of this ordinance or the laws of the State of Pennsylvania . . . . . . . Such bond shall . . . . . . inure to the benefit of any and all persons suffering loss or damage either to person or property as herein provided; and suit may be brought in any court of competent jurisdiction upon said bond by any person or persons or corporation suffering any loss or damage as herein provided . . . . . . . Said bond shall be a continuing liability, notwithstanding any recovery thereon, and, if at any time, in the judgment of the city council, said

bond is not sufficient for any cause, the city council may require the party......to replace said bond with another."

An alternative requirement is that the owner furnish a policy of insurance against loss by reason of damage that may result to any person through the operation of the jitney.

It appears from the findings of the chancellor that several surety companies refused to insure or bond jitneys under this ordinance. Others would do so, providing that cash or collateral to the amount thereof was furnished by the insured; while the representative of one company testified that his company wrote jitney insurance.

The court below held that the eighteenth section of the ordinance, which required the operators of jitneys to carry free, policemen and firemen under certain conditions, was unreasonable, but it sustained the remaining provisions.

Plaintiffs have appealed, and their counsel contend that other requirements of the ordinance are unreasonable, particularly those with respect to the furnishing of a bond.

As to the right of the municipality to regulate, in the interest of public safety, the running of jitneys, as well as all other traffic upon the public streets, we have no doubt. The only question in such case is whether the requirements of an ordinance for that purpose are reasonable, and not unduly burdensome. Regulation is not to be carried to the extent of prohibition. A jitney is an automobile, and by universal custom automobiles are permitted to use the streets of cities, as are other vehicles. The fact that the owners of jitneys derive a profit from their operation, makes no difference in their legal status. Much of the traffic upon the city streets is a matter of profit, directly or indirectly to those engaged therein. The public highways are for the use of those engaged in commerce or industrial pursuits, no less than

for pleasure. cars. But, if, from the usual manner of operating certain vehicles, the public safety is endangered, the right and duty of special regulation is clear. Such regulation may very properly include, as in this case, the requirement of a bond to secure the payment of such damages as may be recovered for loss of life, or injury to person or property occasioned by the negligent operation of the jitney, provided the bond be not made prohibitive in its nature, either by being made too large in amount, or by being unnecessarily restricted as to the sureties who may sign it. In the present case the bond required is restricted to one furnished by a surety company, while the evidence shows that it is difficult to procure such a bond from a surety company. Under the circumstances, we think the exclusion of personal sureties is not justifiable or reasonable. The municipality is entitled to require good and sufficient security, but beyond that it should not go. The terms of the ordinance in this respect would forbid the deposit of cash, or a certified check, or municipal bonds, as security by the applicant for a permit, or the acceptance as sureties upon his bond of individual freeholders of unquestioned financial responsibility. We know of no other instance in which, where security is required by law to be given, an attempt has been made to confine such security to surety companies, to the exclusion of solvent and responsible personal sureties.

We are not quite clear as to what is meant by the requirement that "the bond shall be a continuing liability, notwithstanding any recovery thereon." If this provision means that while the bond purports to be in the penal sum of twenty-five hundred dollars, yet after recovery to that amount, the obligors shall continue to be liable for other and additional amounts without limit, then the requirement is clearly unreasonable. No surety could properly be asked to undertake such an indefinite and unlimited responsibility.

Aside from the particulars to which reference has been made, we see no merit in the contention of appellants.

The court below intimated in its opinion and decree that the eighteenth section of the ordinance was not to be enforced. With the further modification that the requirement of the ordinance restricting the surety upon the bonds to surety companies, shall be eliminated, and also that the requirement that the "bond shall be a continuing liability, notwithstanding recovery thereon" shall be stricken from the terms of the ordinance, the decree of the court below is affirmed.