THE STATE OF FLORIDA, *ex rel.* E. STEPHENSON, *Plaintiff in Error,* v. RAYMOND DILLON, CHIEF OF POLICE OF THE CITY OF MIAMI, FLORIDA, *Defendant in Error.*

### Opinion Filed August 15, 1921.

1. Under the provisions of its charter, the City of Miami has the right to require the drivers of all automobiles for hire using the public streets of the city, to obtain a license from the city, and, in the interest of public safety, it may inquire into and decide upon the qualifications and fitness of persons to operate auto-cars. It may fix the fares to be charged for the transportation of passengers or property; may require the drivers or owners of cars operating for hire within the city limits to give a bond to guarantee the payment of valid claims for injuries to persons or property; may prescribe the number of persons that may be permitted to ride at one time in any such automobile, and make reasonable rules and regulations governing the operation of automobiles for hire in the interest of public safety.

2. Under its charter the City of Miami may require all automobiles operated for hire within the City of Miami to enter into a reasonable bond to guarantee the payment of valid claims for injuries to persons or property.

3. An ordinance which requires owners or operators of jitney busses to enter into a bond in the penal sum of $5,000.00, and which provides that such bond "shall contain a provision that there is a continuing liability thereunder of not less than the full amount thereof," "notwithstanding any recovery thereon" is an unreasonable requirement, and not within the scope of the authority conferred by the charter.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment reversed.

*Bart A. Riley,* for Plaintiff in Error;

*Rose, Brown, Twyman & Scott,* for Defendant in Error.

BROWNE, C. J.—The plaintiff in error was held in custody by the Chief of Police of the City of Miami under a charge of violating an ordinance entitled "An Ordinance regulating jitney busses," by operating a jitney buss without a license. He obtained a writ of *habeas corpus* from Court Commissioner D. J. Hefferman, who on the hearing ordered the relator discharged.

Motion was then made in the Circuit Court by the respondent asking the court to review, vacate and set aside the order of the court commissioner. That motion was granted, the prisoner remanded, and writ of error was taken to this court.

The ordinance regulating jitney busses under which the prisoner was held, is attacked, as not being within the scope of the authority of the city; in that it is not general and uniform in its operation; is unjustifiable, arbitrary, unreasonable and discriminating; because the city has no power to require persons operating jitney busses to give a bond as provided by the ordinance and for other reasons.

The provisions of the charter relied upon for authority of the city to enact the ordinance complained of, are, "and to license, and cause to be registered, and control, tax and regulate carriages, omnibuses, motor-busses, cars, wagons, drays, jitney busses and other vehicles, and to license, tax and register the drivers thereof and to fix the rate to be charged for the carriage of persons and property within the city and to the public works beyond the limits of said city," and "to pass all ordinances necessary to the health, convenience, comfort, and safety of the citizens."

Under these provisions the City of Miami has the right to require the drivers of all automobiles for hire using the public streets of the city, to obtain a license from the city, and in the interest of public safety, it may inquire into and decide upon the qualification and fitness of persons to operate auto cars. It may fix the fares to be charged for the transportation of passengers or property, and may require the drivers or owners of cars operating for hire within the city limits to give a bond to guarantee the payment of valid claims for injuries to persons or property, and prescribe the number of persons that may be permitted to ride at one time in any such automobile and make all reasonable rules and regulations governing the operation of auto· mobiles for hire to safeguard public safety. Hadfield v. Lundin, 98 Wash, 657, 168 Pac. Rep. 516, L. R. A. 1918B, 909, and Notes; Dickey v. Davis, 76 W. Va. 576, 85 S. E. Rep. 781, P. U. R. 1915E, 93, L. R. A. 1915F, 840, and Notes. These provisions, and others not enumerated, are within the scope of the authority of the city, if applied without discrimination to all automobiles operated for hire.

The right to require a bond to guarantee the payment of valid claims against the drivers of all automobiles for hire does not, however, authorize the requirement of a bond in an amount far in excess of what common experience teaches is likely to be necessary nor to impose unreasonable conditions in the bond or conditions that make it impossible for compliance with this provision of the ordinance.

The ordinance under consideration requires a bond of this character in the amount of $5,000.00, and in lieu of a bond the "licensee may file as aforesaid a policy of liability insurance insuring said licensee of said jitney buss against loss by reason of injury or damage that may result to any persons or property or the use, operation or construction

of said jitney buss.'' The ordinance further provides: ''Said bond or policy shall contain a provision that there is a continuing liability thereunder of not less than the full amount thereof as herein provided, notwithstanding any recovery thereon.''

Just what is intended by this language is not very clear. If it means that while the obligors are nominally bound for $5,000.00, yet after the recovery of that amount or after liability is incurred for that amount, they shall continue to be liable without limit, to the number of occasions when liability may accrue, it is not only a nullification of the provision of the ordinance requiring that ''such bond be in a sum of $5,000.00,'' but it is unreasonable as it requires a person desiring to operate an automobile for hire on the streets of Miami, to provide sureties who will assume an indefinite and unlimited responsibility; although nominally bound for only $5,000.00. This question came before the Supreme Court of Pennsylvania in the case of Jitney Bus Association of Wilkes-Barre v. City of Wilkes-Barre, 256 Pa. 462, 100 Atl. Rep. 954. The provision in the ordinance of the City of Wilkes-Barre was in this language, ''said bond shall be a continuing liability, notwithstanding any recovery thereon.'' The provision of the Miami ordinance is, ''said bond or policy shall contain a provision that there is a continuing liability thereunder of not less than the full amount thereof as herein provided, notwithstanding any recovery thereon.'' The similarity of these provisions makes the decision of the Supreme Court of Pennsylvania peculiarly applicable to this case. There the court said: ''We are not quite clear as to what is meant by the requirement that 'the bond shall be a continuing liability, notwithstanding any recovery thereon.' If this provision means that, while the bond purports to be in the penal sum

of $2,500, yet, after recovery to that amount, the obligors shall continue to be liable for other and additional amounts without limit, then the requirement is clearly unreasonable. No surety could properly be asked to undertake such an indefinite and unlimited responsibility.''

The Marshal's return to the writ of habeas corpus is as follows: ''That he holds the said E. Stephenson in his custody by authority of sentence and judgment of the municipal court of the City of Miami, Dade County, Florida, as set forth in said petition and writ; that the ordinance under which the said petitioner was arrested, tried and convicted was a valid and constitutional exercise of the police power of the City of Miami in accordance with its charter, the laws of the State of Florida and the United States of America. That all provisions of said ordinance regulating the business of jitney busses are reasonable; that the bond is reasonable; that the obligation of said bond is valid and legal obligation that may be lawfully incorporated in bonds; that the requirement for such bond and such regulation as described in said petition is reasonable exercise of the police power of the City of Miami under the law.''

This puts in issue the validity of that portion of the ordinance requiring a bond with a continuing liability, and we have no hesitation in saying that we regard this provision as an unreasonable requirement, and not within the scope of the authority conferred by the charter. So much, therefore, of the ordinance as seeks to place upon the petitioner the obligation of complying with an arbitrary and unreasonable provision with regard to giving a bond with a continuing liability before issuing a license, is unreasonable and void, and the prisoner was improperly deprived of his liberty under the ordinance.

The judgment of the Circuit Court is reversed with directions to discharge the petitioner.

TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

WEST, J., dissents.