## Kendig v. City of Lancaster et al.

*Obstruction of city sidewalks by business-stands—Right of municipalities to prohibit—Ordinance—Reasonableness of—Prescription—Act of June 27, 1913, art. 5, sect. 17, P. L. 568.*

1. Municipalities have the right to pass ordinances whereby all obstructions shall be taken off of the streets, which includes the sidewalks.

2. It is a diversion of public streets to private use to use them for the sale of fruit, candy and nuts and to erect or maintain stands on them for this purpose. While an ordinance which is unreasonable should not be enforced, the question of its reasonableness being for the court, an ordinance is not unreasonable which forbids the erection or maintenance of any stand, shelf or projection on or over the sidewalks of the city for the purpose of selling or displaying for sale confections, food products or merchandise.

3. Such reasonable provisions of an ordinance are valid and enforceable even though other provisions of it are unreasonable and unenforceable which are separable from and independent of the valid provisions.

4. If there is a doubt in regard to the validity of an ordinance or any provision of it, it should be resolved in favor of its validity.

5. The fact that a stand for the sale of merchandise has been maintained on a city sidewalk for more than twenty-one years gives no right by prescription to continue to maintain it, as no such right can be acquired by prescription against a municipality.

6. Nor does the fact that the city permits market-stands on certain streets at certain hours under certain regulations make an ordinance which prohibits all obstructions on or projections over sidewalks invalid as to permanent business-stands.

Bill for injunction. Answer and testimony. C. P. Lancaster Co., Equity Docket No. 7, page 91.

*S. R. Zimmerman* and *John E. Malone,* for plaintiff.

*Harry L. Raub,* City Solicitor, for defendant.

HASSLER, J., April 18, 1925.—From the bill, answer and testimony we find the following facts:

1. Frank B. Kendig, the plaintiff, is the owner and in possession of a stand and fixtures located upon the sidewalk on the north side of East King Street, between Duke and Christian Streets, and along the building-line immediately in front of the southwest corner of the Lancaster County Court House, on which stand and fixtures he displays for sale peanuts, popcorn, cigars, ciga-

rettes, candy, confections and other light articles of merchandise. The stand occupies a space about twelve feet in length and stands upon and over the sidewalk a distance of four feet six inches from the building-line of said street. He pays a rental to the Commissioners of the County of Lancaster for the use of this space, and has done so and occupied it as he is at present doing for a period of more than twenty-one years. The business conducted by him at this stand is his chief source of income.

2. The City of Lancaster passed an ordinance on July 3, 1924, which reads as follows:

"An Ordinance prohibiting the placing of any box, basket, stand or other structure upon the sidewalks of the City of Lancaster, Pennsylvania, for the display or sale of confections, food products, merchandise or any other purpose; the attaching to any building of any shelf or other projection extending over the said sidewalks for a like purpose; declaring such structures to be a nuisance; authorizing the Mayor of the City of Lancaster, Pennsylvania, to remove the same, and providing penalties for the violation thereof.

"Section 1. Be it ordained by the Select and Common Councils of the City of Lancaster, Pennsylvania, and it is hereby ordained by authority of the same, that it shall be unlawful for any person or persons to place any box, baskets, stand or other structure of any kind or description, whether movable or immovable, upon the sidewalks of the City of Lancaster, Pennsylvania, for the purpose of selling or displaying for sale any confections, food products, goods, merchandise or for any other purpose whatsoever.

"Section 2. That it shall be unlawful for any person or persons to attach to any building a shelf or other projection extending over the sidewalks of the City of Lancaster, Pennsylvania, for the purpose of selling or displaying for sale any confections, food products, goods, merchandise or for any other purpose whatsoever.

"Section 3. That all structures of the kind and character enumerated in Sections 1 and 2 of this Ordinance that are now in existence, or may at any future time be situated upon or extended over the sidewalks of the City of Lancaster, Pennsylvania, are hereby declared a nuisance, and the Mayor of the City of Lancaster, Pennsylvania, is authorized to remove, or cause them to be removed.

"Section 4. Any person or persons violating the provisions of this Ordinance, upon conviction thereof before the Mayor or any Alderman of the City of Lancaster, shall be sentenced to pay a fine of not less than Ten Dollars ($10) or more than Fifty Dollars ($50), together with cost of prosecution, and in default of the payment thereof, shall undergo imprisonment in the Lancaster County Jail for a period not to exceed thirty (30) days, and the structure so built or set up by them shall be removed by the Mayor of the City of Lancaster, Pennsylvania, as provided in Section 3 of this Ordinance.

"Section 5. That all Ordinances, or parts of Ordinances, inconsistent herewith are hereby repealed, with the exception, however, that this Ordinance shall not apply to the placing of any stand upon the curb in the Public Market Zone of the City of Lancaster, Pennsylvania, during market hours."

3. Prior to the adoption of the said ordinance, persons were permitted, under the laws and ordinances of the City of Lancaster by long usage, to extend door-steps, cellar-doors, porches, bulk-windows and other ornaments to their buildings to a distance of four feet six inches in front of the building-line of their premises into, upon and over the sidewalks of the streets, and, also, stands upon the sidewalks along the building-line for the display of goods, wares and merchandise and the sale of confections, and also were per-

mitted to erect and maintain, and are now doing so, signs and awnings of a permanent character into, over and above the sidewalks of the said city.

4. The stand of the plaintiff was erected and maintained lawfully, without violation of any law, ordinance or custom of the City of Lancaster prior to the passage of the Ordinance of July 3, 1924.

5. The defendant, Frank C. Musser, Mayor of the City of Lancaster, has notified the plaintiff to remove his stand from the sidewalk aforesaid and to cease and discontinue his business at the location where it now is, and upon his failure to do so, has threatened to forcibly remove the same.

## Conclusions of law.

It is conceded by the plaintiff's attorneys that the City of Lancaster has power and authority to regulate the use and occupancy of its streets and to prohibit the obstruction thereof by stands, structures or other projections, provided such regulation is reasonable and does not impose unreasonable burdens upon the citizens, and was adopted for the safety, protection, comfort and convenience of the public.

The Act of June 27, 1913, art. v, § 17, P. L. 568, gives third class cities, of which Lancaster is one, the right to prevent and remove all obstructions, encroachments upon the city streets. In Shue *v.* City of Lancaster, 25 Lanc. Law Rev. 305, on the authority of numerous cases therein cited, it is decided that municipal authorities have the right to pass ordinances whereby all obstructions shall be taken off of the streets. A street includes the sidewalk: 4 Dillon on Municipal Corporations, § 1447. It is a diversion of public streets to a private use to use them for the sale of fruit, candy, nuts, and to erect or maintain stands on them for this purpose: Chapter 24, Dillon on Municipal Corporations.

Although the plaintiff concedes, and these authorities show, that the City of Lancaster has power to prohibit the erection or maintenance of stands, such as the plaintiff has, on its streets, which includes the sidewalks, it is contended by him that this ordinance is invalid and should not be enforced because it is unreasonable. It is well settled that when an ordinance is unreasonable it should not be enforced: Bryan *v.* Chester, 212 Pa. 259; Commissioners *v.* Gas Co., 12 Pa. 318; Com. *v.* Railroad Co., 23 Pa. Superior Ct. 205; Jitney Bus Ass'n *v.* Wilkes-Barre, 256 Pa. 462. Whether an ordinance is unreasonable is a question for the court, and if it finds that it is, it should declare it invalid and refuse to enforce it: Kneedler *v.* Norristown, 100 Pa. 368.

The reason given by the plaintiff why this ordinance is unreasonable and should be declared invalid is that it authorizes the removal and prohibits the erection or maintenance of any projection into the lines of the street *for any purpose whatsoever* and prohibits the placing of any box, basket, stand or other structure within the lines of the sidewalk for any purpose whatsoever; so that "no merchant can use the sidewalk for loading or unloading his merchandise, if for any time or for any purpose it is to be left standing on any portion of the sidewalks."

The ordinance forbids the erection or maintenance of any stand, shelf or projection on or over the sidewalks of the City of Lancaster for the purpose of selling or displaying for sale confections, food products or merchandise. This, as we have said, is a reasonable exercise of its power by the City of Lancaster to keep the street and sidewalks clear of obstructions for the convenience of the public. It is not even contended that in doing this the ordinance is unreasonable. It may be true, as contended by the plaintiff, that in

Kendig v. City of Lancaster et al.

forbidding the erection or maintenance of such obstruction as described in it for any purpose whatsoever the ordinance is unreasonable, but we are not concerned with that in this proceeding and do not decide it, as the plaintiff is not affected by this alleged unreasonable provision, for he admits that the stand and fixtures which he maintains on the sidewalks of the city is only for the purpose of selling, or displaying for sale, confections, food products and other merchandise.

If some provisions of an ordinance are reasonable, they are enforceable and valid even though other provisions of it are unreasonable, and, consequently, unenforceable and invalid.

Section 647, Vol. 2, of Dillon on Municipal Corporations, states the rule as follows: "But if the invalid provisions (of an ordinance) are separable from and independent of the valid provisions, and can be so severed without defeating the object of the legislative body, the valid provisions of the ordinance will be sustained and given their appropriate effect. Thus, if the ordinance, or even some sections of the ordinance contain two separate prohibitions relating to different acts, . . . one of which is valid and the other void, the ordinance may be enforced as to that portion of it which is valid. . . . ." In Jitney Bus Ass'n of Wilkes-Barre v. City of Wilkes-Barre, 256 Pa. 462, it is decided that where certain parts of an ordinance are unreasonable they are invalid and should not be enforced, but the provisions which were not unreasonable are valid and may be enforced. In Johnson v. Central Dist. & P. T. Co., 23 Pa. Superior Ct. 381, it is decided that if there is a doubt in regard to the validity of an ordinance (or any provisions of it), it should be resolved in favor of its validity.

As the provision in the ordinance in question which prohibits the maintenance of such stand as the plaintiff is maintaining upon the sidewalk of East King Street is not unreasonable or burdensome, it is valid and enforceable as to that provision, even though it may contain other unreasonable and invalid provisions. The object of city councils in passing the ordinance was clearly to prevent the sale and displaying for sale on the city sidewalks, and this object should not be defeated because other provisions in it are unreasonable and invalid.

The fact that the plaintiff has maintained this stand for more than twenty-one years gives him no right by prescription to continue to maintain it. It is too well settled to need the citation of authorities that no such right can be acquired against a municipality by prescription. Nor does the fact, as set forth in plaintiff's bill, but not insisted upon at the argument, that the City of Lancaster permits market stands on certain streets at certain hours under certain regulations, make this ordinance invalid because it does not prohibit such stands as well as the kind that the plaintiff maintains.

From this discussion we conclude:

First, that, since the passage of the Ordinance of July 3, 1924, the plaintiff has no right to maintain the stand which he does maintain on the sidewalk of East King Street.

Second, that the provision of the ordinance which forbids the maintenance of such stands on the sidewalks of this city is reasonable and valid, and, therefore, enforceable.

Third, that the plaintiff has acquired no right by prescription to continue to maintain the stand in question as he is now doing.

We, therefore, dissolve the preliminary injunction and dismiss the plaintiff's bill, at his costs.

From George Ross Eshleman, Lancaster, Pa.