12141

STATE v. PERRY

(136 S. E., 314)

1. LICENSES—ORDINANCE IMPOSING CHARGE OF $1 FOR AUTOMOBILE DRIVER'S LICENSE HELD NOT VOID AS MISUSE OF POLICE POWER TO RAISE REVENUE.—Ordinance of the city of Charleston, requiring operator's license by person driving an automobile, *held* intended as merely a police regulatory measure, and not void as attempted misuse thereof in order to raise revenue, since charge of $1 as fee bears reasonable relation to necessary expense arising in making ordinance operative.

2. MUNICIPAL CORPORATIONS—ORDINANCE REQUIRING AUTOMOBILE OPERATOR'S LICENSE HELD NOT IN CONFLICT WITH STATE LAW (ACT MARCH 23, 1925 [34 ST. AT LARGE, P. 51] § 9).—Municipal ordinance requiring license by automobile drivers, *held* not in conflict with Act

March 23, 1925 (34 St. at Large, p. 51) § 9, providing that motor vehicle license fee should be in lieu of all other state, municipal, or county license, since charge of $1 under ordinance was merely for purpose of meeting expense incident to issuance of license.

3. LICENSES—CONVICTED AUTOMOBILE DRIVER, ADMITTING DRIVING ON STREETS, HELD NOT ENTITLED TO RAISE QUESTION OF REASONABLENESS OF ORDINANCE REQUIRING LICENSE.—Where defendant at time of conviction for violation of traffic ordinance, requiring automobile operator's license, admittedly was driving on streets of city, he cannot contend that ordinance is void for unreasonableness as regulating driving within city limits, instead of confining operation to driving on public highways within city.

4. LICENSES—ORDINANCE REQUIRING AUTOMOBILE OPERATOR'S LICENSE HELD NOT UNFAIR BECAUSE EXEMPTING NONRESIDENTS.—Ordinance requiring automobile operator's license *held* not unfair because of exempting nonresident drivers therefrom.

Before GRIMBALL, J., Charleston, June, 1926. Affirmed.

William Perry was convicted of the violation of a traffic ordinance of the City of Charleston in driving an automobile without an operator's license, and he appeals.

*Mr. J. C. Long,* for appellant, cites: *Driver's license required for automobile drivers in Charleston:* Traffic Ordinance of City of Charleston, Sec. 10. *Police power and taxing power distinguished:* 12 C. J., 906. *Power to license automobiles as police power does not allow licensing for revenue:* Berry on Automobiles, 105, 106 and 126. *Supreme Court may set aside unconstitutional city ordinance:* 83 S. C., 372. *State license on automobiles in lieu of all others:* 31 Stat. at Large, 1078; 32 Stat. at Large, 930; 33 Stat. at Large; 1212; Act No. 34 of 1925, Secs. 1 and 2. *Where Legislature uses different language in different statutes different meaning presumed:* 63 S. C., 209. *Unambiguous words in statute to be given natural meaning:* 36 Cyc., 1114 and 1118. *City ordinance invalid if in conflict with State statute:* 19 R. C. L., 803. *City of Charleston authorized to levy taxes for corporate purposes:* Const. 1895, Art. 8, Sec. 6. *Powers of municipality to be strictly construed:* Berry on Automobiles, 122. *License as regulation is for public*

*benefit:* 112 S. C., 383. *Court to construe statute in light of legislature intent:* 19 R. C., L., 811. *Regulatory ordinance must be reasonable:* 84 S. C., 282; 83 S. C., 380; 19 R. C. L., 805. *Same; presumed reasonable in absence of contrary proof:* 19 R. C. L., 809. *Ordinance regulating use of automobile "within city limits" void for unreasonableness:* 172 S. W., 581; 148 N. Y. Supp., 753; Berry on Automobiles, 72.

*Mr. Lionel K. Legge,* for respondent, cites : *Police Power vested in City Council of Charleston:* Act of August 13, 1783 to incorporate Charleston, Sec. 4. *Driver's license required for automobile drivers in Charleston:* Traffic Ordinance of City of Charleston, Sec. 10. *State Automobile licenses:* 33 Stat. at Large, 1212; Act No. 34 of 1925 Secs., 1 and 2. *Where ordinance adopted for one of two purposes, one lawful and one unlawful, presumed for lawful purposes:* 19 R. C. L., 951. *Ordinance requiring automobile drivers to have license costing one dollar within police power:* 139 Mich., 673; 5 Ann. Cas., 793; 86 So., 450; 21 A. L. R., 1200; 108 S. E., 722. *Cases distinguished:* 54 N. E., 809; 189 F., 268; 103 S. E., 16; 172 S. W., 581. *Reasonableness of ordinance not judicial question:* 76 S. C., 128; 56 S. E., 651. *Ordinance invalid in part is enforcible as to valid part:* 86 S. C., 442; 68 S. E., 636. *Ordinance bearing equally on all of a given class not discriminatory:* 103 S. C., 10; 113 S. E., 345; 87 S. E., 421; 126 S. E., 517; 113 U. S., 703; 19 R. C. L., 807; McQuillen on Munic. Corp., Sec. 738.

January 12, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On August 13, 1925, the defendant, William Perry, was tried and convicted in the recorder's Court of the city of Charleston for violation of section 10 of the traffic ordinance of that city, which relates to driving an automobile

without an operator's license. He was sentenced to pay a fine of $15 or to serve 10 days in jail. An appeal was taken by the defendant to the Court of General Sessions for Charleston County which was heard by his Honor, Judge Grimball, who sustained the verdict and sentence of the recorder's Court and dismissed the appeal.

The defendant now appeals to this Court by several exceptions, it being agreed that the questions raised by these exceptions were passed upon by the Circuit Court in sustaining the judgment of the recorder's Court. At the hearing of the appeal in this Court, the third exception was abandoned.

The appellant contends that the Circuit Judge committed error in sustaining the judgment of the recorder's Court (1) in that the respondent under the ordinance is using the police power to raise revenue, rather than to protect the public; (2) in that the ordinance is void, because it conflicts with the provisions of Act No. 34, section 9, of the Statutes of South Carolina for 1925; (3) in that the ordinance is void, because unreasonable and unjust, as (a) an operator's license is charged for each year that the individual may operate an automobile, but only one examination is given, and as (b) the ordinance regulates driving of automobiles within the city limits, instead of confining its operation to the driving of automobiles on public highways and places of the city; and (4) in that the ordinance is not impartial, fair, and general, for, while it attempts to regulate the qualifications of those operating automobiles, it, in fact, gives the automobile of a nonresident an advantage over that of a resident.

On the other hand, the respondent contends that the ordinance is reasonable and just, and that it in no way conflicts with the statute law of the state, as it is a police measure for the general safety of the public and not a measure for the raising of revenue.

Section 10 of the ordinance, under which the defendant was tried and convicted, reads as follows:

*"Driver's License.*—Each person before driving a car · must obtain a certificate from the police department, which certificate shall be dependent upon a knowledge of the ordinance relating to automobiles, filing with the police department such information as shall be required and demonstration of skill in handling automobiles. The police department shall determine the eligibility of the applicant, which applicant shall not be under 16 years of age, and shall, if satisfied, issue to such applicant a certificate on presentation of which, together with a fee of one dollar ($1.00) to the city treasurer, the latter shall issue driver's license; said license so issued shall be good only during the year or portion of the year for which issued: And provided, further, that the beginning with January 1, 1925, and each and every year thereafter, it shall be necessary to obtain a new license through the police department from the city treasurer, Said license may be suspended or withdrawn by the chief of police with the approval of the mayor and chairman of the committed on public safety. Provided that this section not applying to visiting vehicles of non-residents, not used for hire and remaining continuously for a period of not more than 60 days, which publicly show evidence of the fact that their owners have complied with the laws as to registration in their home county or state."

It is undisputed that the defendant was a resident of the city of Mount Pleasant, S. C., and that he was arrested in the city of Charleston, on August 12, 1925, while driving an automobile of a resident of that city. The defendant had no operator's license, as required by section 10 of the ordinance.

We shall discuss briefly the question raised by the exceptions. Appellants first contention, that the ordinance is void as an attempted misuse of police power of the city to raise revenue, appears to us to be unsound. If such were the purpose of the ordinance, it should so appear from the evidence in the case or from the ordinance itself. Appellant's contention seems to be based solely upon the fact

that the ordinance provides for a charge of $1 as a fee, to be paid by the applicant who secures an operator's license, from which fact an intent to raise revenue may be inferred. If this contention were made to appear as true, it would be proper for this Court to declare such ordinance invalid, as being a misuse of police power in the city. However, a reading of the ordinance does not lead to such a conclusion. It is clear that the purpose of the ordinance is not to raise revenue, but to prevent incompetent and irresponsible persons from driving motor vehicles within the city. It is not disputed that the respondent has full general powers, under the provisions of its charter, for the enactment of such ordinances and the making of such regulations as may be necessary for the protection of the morals, health, and safety of the public. It seems to us that the charge of $1 bears a reasonable relation to the expense that must necessarily arise in making the ordinance operative, as in the examination of the applicant for an operator's license and the issuance of the certificate. It is clear that the ordinance is intended to be merely a police regulatory measure.

Appellant's second contention is that the ordinance is void because it conflicts with No. 34, Section 9, of the statute law of South Carolina for 1925. The proviso in the State law referred to in appellant's exception, reads as follows: That the license fee paid to the State Highway Department shall be "in lieu of all other State, municipal, or county license."

If no distinction could be made between the license tax imposed by the State law upon a motor vehicle and the charge of $1.00 operator's license fee, as provided for in respondent's ordinance, then the ordinance clearly would be void as being in conflict with the State law. The license imposed by the State is purely for the purpose of raising revenue for the building and maintenance of State highways. It is not a tax or license upon the operator of the machine, but upon the machine itself, and it is not intended to be

and is not a police regulatory measure. On the other hand, as we have pointed out, the charge of $1.00 under the ordinance is merely for the purpose of raising a sufficient amount to meet the expense incident to the issuance of the operator's license, etc., under same.

A motor vehicle when improperly operated, or when operated by incompetent or irresponsible persons, becomes a source of grave danger to the public. And this is particularly true on the crowded streets of a city, where carefulness, skill, and clear thinking are required, especially in emergencies which often arise, to avoid accidents which may result in loss of life or destruction of property. The operation of motor vehicles under such conditions is a matter that demands careful supervision and control in the interest of public safety. The ordinance in question, under which the respondent endeavors to regulate its traffic, is nothing more than a police regulatory measure, and the charge of $1.00, as we have already pointed out, does not change in any way the nature of the power exercised.

The third contention of the appellant that the ordinance is unjust, in the first place, because an operator's license is charged for each year, although the individual is required to stand but one examination—that, at the time the license is secured in the first instance—will not be considered by this Court, for the reason that neither in the ordinance itself nor in the testimony printed in the record, is there found anything which leads to such a conclusion. The ordinance provides that a new license shall be obtained each year, but does not say that at the time of the obtaining of such new license a further examination of the applicant may not be required or had.

The appellant contends, in the second place, that the ordinance is void for unreasonableness because it regulates driving within the city limits, instead of confining its operation to driving on public highways and places of the city. As the appellant admits that he was driv-

ing the automobile in this instance upon the streets of the
city, without an opertor's license, he cannot fairly raise this
point.   He was convicted under that phase of the ordinance
to which, in this particular contention, he makes no objec-
tion.   If he had been convicted of driving his employer's
car in the back yard of his employer, which he suggests as
being a possibility under the wording of the ordinance, this
Court would not hesitate to pass upon that phase of the
question.   In that event, this Court might declare the ordi-
nance void; or it might, construing together all the sections
of the ordinance, judicially interpret its language to apply
only to the streets and public places of the city; or it might
hold that, in the important matter of regulating the opera-
tion of motor vehicles within the city, in the interest of
public safety, the city's power to regulate and control is not
limited simply to its streets and public places.   However,
under the facts disclosed in this case, we are not called upon
to pass upon that point at this time.

The fourth contention of the appellant is that the
4   ordinance is not impartial, fair, and general, for
while it attempts to regulate and fix the qualifications
of a person driving an automobile, yet, in fact, the proviso
found in Section 10 gives the automobile of a nonresident
an advantage over that of a resident.   The proviso referred
to reads as follows:

"Provided that this section not apply to visiting vehicles
of nonresidents not used for hire and remaining continu-
ously for a period of not more than 60 days, which publicly
show evidence of the fact that their owners have complied
with the laws as to registration in his home county or State."

The contention of the appellant does not commend itself
to this Court.   It is certainly not unreasonable, under present
conditions of automobile travel, to exempt the cars of tem-
porary visitors to the city from compliance with the traffic
regulations under consideration.   The proviso with respect

to the automobiles of this class of nonresidents appears to be both sensible and proper.

All exceptions are overruled, and the judgment of the Circuit Court affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and BLEASE and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.