THE CITY OF MIAMI v. JESSE SLONE.

190 So. 810
Opinion Filed July 7, 1939

J. W. Watson, Jr., E. F. P. Brigham and William W. Charles, for Petitioner;

Thos. W. McIlvaine, for Respondent.

TERRELL, C. J.—The respondent was arrested and taken in custody by the City of Miami for operating a motor vehicle without securing a driver's license and for refusing to submit said motor vehicle to the City for inspection as required by Ordinance No. 1352. He was tried, convicted, and sentenced to pay a fine of $15 or in default thereof, to serve eight days in the City jail. This judgment was, on appeal, reversed by the Circuit Court and is brought here for review by certiorari.

The Circuit Court predicated his judgment of reversal on the fact that respondent was a non-resident of the City

of Miami and, being so, the City had no jurisdiction to require him to secure a driver's license or to submit his motor vehicle to the City for inspection.

This would doubtless be true by the terms of the ordinance as to a casual passer through the City but it does not hold good as to respondent who lives in the vicinity of the City and uses its streets frequently by traversing them with his motor vehicle. The ordinance allows non-resident owners 30 days within which to comply with its terms.

The provision of the ordinance requiring owners of motor vehicles to submit them to the City for inspection was a reasonable requirement in the interest of public safety. Cyclopedia of Automobile Law and Practice, Volume I, Section 567; State ex rel. Stephenson v. Dillon, 82 Fla. 276, 89 So. 558.

Likewise the State or a municipality duly authorized may in the interest of public safety and the general welfare, when no undue burden is imposed on interstate commerce require non-resident users of motor vehicles to secure a driver's license. Hendrick v. Maryland, 235 U. S. 610, 35 Sup Ct. 140, 59 L. Ed. 385; Kane v. State New Jersey. 242 U. S. 160, 37 Sup. Ct. 30, 61 L. Ed. 222; State v. Perry, 138 S. C. 329, 136 S. E. 314; Harper v. England, 124 Fla. 296, 168 So. 403; State v. Denison, 189 N. C. 173, 126 S. E. 571; Cyclopedia of Automobile Law and Practice, Volume I, Sec. 572.

The Circuit Court was therefore in error so his judgment is quashed.

It is so ordered.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.