STATE, *ex rel.* C. W. NELSON, v. H. LESLIE QUIGG, as Chief of Police, City of Miami

196 So. 417
Special Division A
Opinion Filed May 24, 1940

*J. F. Gordon* and *Burnett Roth,* for Plaintiff in Error;

*J. W. Watson, Jr.,* for Defendant in Error.

THOMAS, J.—An ordinance of the City of Miami, No. 1352, regulating the inspection of motor vehicles and establishing standards of equipment for them also provides in Section 7 that no one shall operate a car on the "streets, highways or other public places" of the city without having procured a driver's license.

Chapter 19551 of the Laws of Florida, Acts of 1939, prohibits any person from driving an automobile on the highways of the State unless he has a license to do so. There are certain exceptions which do not apply to the facts here.

C. W. Nelson was arrested for operating a car on a street in Miami, being at the time licensed by the State but not by the city. By writ of habeas corpus, he sought release upon the theory that the ordinance was impliedly repealed by the State law.

The Circuit Judge overruled his contention and remanded him, whereupon writ of error was issued.

There can be no doubt that the city under its charter had the right to license and control cars and to license and register drivers within its boundaries, State, *ex rel.* Stephenson v. Dillon, 82 Fla. 276, 89 South. Rep. 558, 22 A. L. R. 227, so the question involved is whether subsequent enactment by the Legislature of the law we have cited repealed the ordinance with which it conflicted in some of its details.

We have recognized that a motor vehicle upon the highway is a "dangerous instrumentality" and have declared that regulation of the use thereof is a part of the police power of the State. There seems little need to extend the doctrine to the end that such control as is exercised under the Act shall supersede the power theretofore exerted by

the municipality toward protection of its citizens from the ravages of the inept or inexperienced driver.

We can readily perceive, as was pointed out in State v. Moseley, 174 S. C. 187, 177 S. E. Rep. 156, that because a State law provides a method of licensing drivers it would not follow that an ordinance on the subject would necessarily be rendered nugatory. Congestion of traffic, relative positions of streets, and of streets and public gathering places would all influence the legislative body of the city in fixing rules controlling the operation of these so-called "dangerous instrumentalities," and the qualifications, therefore, of those persons who drive them. What is more important, the conditions, hence the regulations, would vary greatly in the many populous municipal areas of the State.

We think the reasoning in the case we have cited is sound and hold that the licensee was not entitled to his discharge, so the judgment of the circuit court is—

Affirmed.

TERRELL, C. J., and CHAPMAN, J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BUFORD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.