QUESTION: Does Ch. 75-249, Laws of Florida, which prohibits the use of nontransparent material or material which is reflective or mirrored on any motor vehicle operated upon the public highways apply retroactively to motor vehicles to which such material has already been affixed?
SUMMARY: Chapter 75-249, Laws of Florida, prohibits, on October 1, 1975, and thereafter, the operation of any motor vehicle by any person on the public highways or streets in the state when such motor vehicle is equipped in such a manner that the windshield, rear window, sidewings, or side windows on either side forward of or adjacent to the operator's seat are composed of, treated with, or covered by any material having the effect of making these areas nontransparent in any way or which have a reflective or mirrored appearance with a total solar reflectance greater than 35 percent in the visible light range when applied to automobile glass, regardless of when said material was affixed or when said use began. Chapter 75-249, Laws of Florida (s. 316.210(2), F.S. 1975), prohibits any person from operating any motor vehicle upon any public highway, road, or street when the windshield, rear window, sidewings, or side window on either side forward of or adjacent to the operator's seat is composed of, covered by, or treated with any material which has the effect of making these areas nontransparent in any way or which has a reflective or mirrored appearance with a total solar reflectance greater than 35 percent in the visible light range when applied to automotive glass. This statutory regulation emanates from the residual police power of the state as an attribute of sovereignty and facially appears to be reasonably related to the preservation and protection of the public order, peace, safety, and welfare. See, generally, 32A Words and Phrases Police Power, p. 377 et seq., 16 C.J.S. Const. Law ss. 174-175. The statute is, of course, presumptively valid and must be given effect and enforced unless and until it is judicially declared invalid in its application or on its face. Evans v. Hillsborough County, 186 So. 193 (Fla. 1938). It has been clearly established that the operation of a motor vehicle upon the public highways is not a natural right but a privilege which is subject to the inherent police powers of the state. Miami Transit Co. v. McLin, 133 So. 99 (Fla. 1931); Greene v. Miller, 136 So. 532 (Fla. 1931). A motor vehicle on the highway is a dangerous instrumentality and the Legislature, under the police power, has imposed rigid restraints, regulations, and restrictions upon the use of motor vehicles. State ex rel. Nelson v. Quigg, 196 So. 417 (Fla. 1940). Furthermore, "The fundamental purpose involved in the enactment of (traffic control laws) is the safe movement of persons on the highway system of (the) state." Attorney General Opinion 058-69. Both the title to and the purview of Ch. 75-249, supra, clearly manifest the legislative intent and purpose to proscribe the use by any person of the above-described materials on the enumerated windshield and window locations on any motor vehicle operating on the public highways and streets. The legislative intent must be gleaned from the language of the statute itself and not from conjectures aliunde. A. R. Douglass, Inc. v. McRainey, 137 So. 157 (Fla. 1931); Overman v. State Board of Control, 62 So.2d 696 (Fla. 1952). The intent as ascertained from the language of the enactment is the law. State ex rel. Davis v. Knight, 124 So. 461 (Fla. 1929); Haworth v. Chapman,152 So. 663 (Fla. 1933); and the act must be given its plain and obvious meaning. A. R. Douglass, Inc. v. McRainey, supra. Also see Tyson v. Lanier, 156 So.2d 833 (Fla. 1963); State v. Atlantic Coast Line R. Co., 47 So. 969 (Fla. 1908); Van Pelt v. Hilliard, 78 So. 693
(Fla. 1918). In statutes such as the instant one, where the language is so plain and unambiguous, leaving no room for doubt as to the legislative will, the plain language employed must be carried out. State ex rel. Florida Jai Alai, Inc. v. State Racing Commission, 112 So.2d 825 (Fla. 1959). Through the enactment of Ch. 75-249 (s. 316.210(2), F.S. 1975), supra, the Legislature has determined that the operation of a vehicle on the public highways and streets equipped with any of the proscribed materials in or on the windshield or window surfaces is potentially injurious to or adversely affects the public peace, order, safety, and welfare, and, as such, is prohibited. In view of these determinations, effective October 1, 1975, no person may operate a vehicle so equipped on the public highways and streets. The provisions of this statute are prospective, in that they regulate the use of dangerous equipment on the public highways and apply to all persons operating all vehicles on the public highways or streets on October 1, 1975, and thereafter. Persons now owning or possessing motor vehicles which have been previously equipped with such materials are embraced within and equally covered by the statutory regulations as are persons contemplating the use of the same. There are no exceptions to the regulation other than that provided for manufacturer's tinting of windows or certificates and other papers required to be displayed by law. Chapter 75-249, supra, s. 316.2107, F.S. 1975. No other exceptions from the operation of the statute having been thereby expressly made, none other may be implied or written into the law. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). Your question is therefore answered accordingly. While Ch. 75- 249, supra, does not apply retroactively to such motor vehicles per se, it does apply to regulate the use or the operation of any motor vehicle by any person on the public highways or streets after October 1, 1975, when the vehicle has the prohibited material affixed thereon, regardless of the date of installation.