[No. 13286.   Department One.   December 12, 1916.]

THE STATE OF WASHINGTON, *Appellant*, v. FERRY LINE AUTO BUS COMPANY, *Defendant*, A. G. COLLINS *et al.*, *Respondents.*[1]

CRIMINAL LAW—RESPONSIBILITY OF AGENT—CARRIERS — MOTOR VEHICLES—VIOLATION OF STATUTE—CRIMINAL PROSECUTION. Agents and employees of a corporation aiding and assisting in the operation of jitney busses without a permit in violation of the jitney bus act (Rem. 1915 Code, § 5562-37) are also equally guilty with the corporation of a violation of the statute, although only the company was required to take out the permit.

STATUTES—TITLE AND SUBJECTS. The provision in the jitney bus act, Laws 1915, p. 227 (Rem. 1915 Code, § 5562-37 *et seq.*), requiring certain carriers to give a surety bond before engaging in business, is germane to and sufficiently included within the title "an act relating to and regulating common carriers of passengers upon public streets, roads and highways." .

CONSTITUTIONAL LAW — CLASS LEGISLATION — MOTOR VEHICLES — REGULATION—STATUTES—VALIDITY. The jitney bus act (Rem. 1915

[1]Reported in 161 Pac. 467.

Code, § 5562-37), requiring carriers of passengers for hire in motor propelled vehicles on the streets of cities of the first class to give a surety bond and obtain a permit before engaging in business, is not unconstitutional as class legislation, or violative of the 4th and 5th amendments to the constitution of the United States.

CARRIERS—MOTOR VEHICLES—REGULATIONS — STATUTES—"COMMON CARRIERS." A corporation organized for the purpose of carrying out a contract with the Port of Seattle whereby the corporation agrees to maintain and operate an auto service to and from the terminal of the ferry operated by the Port and certain designated points in the city, for the purpose of furnishing a transfer service for passengers going to and from the ferry, is a common carrier of passengers for hire, within the meaning of the jitney bus act (Rem. 1915 Code, § 5562-37), requiring such carriers to obtain a permit before engaging in business.

SAME. Such a corporation is not relieved from the necessity of complying with the jitney bus act by reason of the fact that its service is conducted by it as an integral part of a ferry system operated by a municipal corporation, since such corporation is amenable to the restrictions of the act in like manner as individuals.

Cross-appeals from a judgment of the superior court for King county, Mackintosh, J., entered January 4, 1916, upon a trial and conviction of violating the jitney bus act, upon sustaining a demurrer on behalf of the individual defendants, and a trial to the court as to the defendant corporation. Reversed on plaintiff's appeal; affirmed on defendant's appeal.

*Alfred H. Lundin* and *W. F. Meier*, for plaintiff.

*James E. Bradford, William B. Allison, C. J. France,* and *Shorett, McLaren & Shorett,* for defendant.

FULLERTON, J.—The appellant, Ferry Line Auto Bus Company, a corporation, together with A. G. Collins and George Collins, were jointly accused, by an information filed by the prosecuting attorney of King county, of engaging in the business of carrying passengers for hire in motor propelled vehicles along the public streets of the city of Seattle without first having a permit so to do, as required by ch. 57 of the Laws of 1915, p. 227 (Rem. 1915 Code, § 5562-37

*et seq.*) commonly known as the jitney bus act. To the information, each of the defendants filed demurrers. The demurrers of A. G. Collins and George Collins were sustained by the court, and on the election of the prosecution to stand on the information, a judgment of dismissal as to them was entered. The demurrer of the Ferry Line Auto Bus Company was overruled. The corporation then entered a plea of not guilty to the information, and on a trial, which was had before the court sitting without a jury, was found guilty and sentenced to pay a fine. The state appeals from the judgment of dismissal against the individual defendants, and the Ferry Line Auto Bus Company appeals from the judgment of conviction.

The record does not disclose the ground upon which the learned trial judge rested his decision as to the individual defendants, but it can be gathered from the argument of their counsel that it was thought that, since the principal only was required to have a permit before engaging in the business of carrying passengers for hire in motor propelled vehicles at the place named, these defendants, being merely the servants and agents of the principal, could not be guilty of a violation of the statute, even though they aided and abetted the principal in the execution of the unlawful act. This is not the law. No person committing or aiding or abetting in the commission of an unlawful act can shield himself from punishment by showing that he acted under the direction of or as the agent or servant of another. As was said by the supreme court of Tennessee in *Atkins v. State*, 95 Tenn. 474, 32 S. W. 391, the relations of principal and agent, employer and employee, are not recognized in the criminal law. By that law every man must stand for himself. No man can authorize another to do what he may not lawfully do himself. If the attempt to confer such authority be made, and the unlawful act be done, both are guilty. So Mr. Bishop, in his work on criminal law, says that the commands of a superior to an inferior, of a master to his servant,

of a principal to his agent, will not justify a criminal act done in pursuance of it. (Bishop's New Criminal Law, § 355.) To the same effect are our own cases. In *State v. Burnam*, 71 Wash. 199, 128 Pac. 218, it was held that the manager of the active business of a corporation engaged in the business of selling milk was guilty of a violation of the statute prohibiting the selling of milk below a certain standard, although the milk was sold from one of the wagons of the corporation which left the dairy during the manager's absence. See, also, *Spokane v. Patterson*, 46 Wash. 93, 89 Pac. 402, 123 Am. St. 921, 8 L. R. A. (N. S.) 1104.

The defendants argue that, if every person who is in any way engaged in the unlawful business are included within the penal provisions of the statute, then each individual agent or employee must comply with the statute, regardless of whether the principal has complied with the statute or not. Notwithstanding it is asserted that this conclusion is inevitable, we have not been able to accept it. The principal is guilty because it engaged in the business without a compliance with the statute. The agents and servants are guilty because they aided and abetted the principal in the commission of the unlawful act. The principal can make its business lawful by a compliance with the statute. When once it is made lawful, clearly it is no offense for one as its agent and servant to assist in the prosecution of the business. We conclude, therefore, that the court erred in sustaining the demurrer of the individual defendants.

The principal question submitted on the appeal of the Ferry Line Auto Bus Company is the constitutionality of the statute upon which the prosecution is founded. This question was determined by us contrary to the appellant's contentions, in the case of *State v. Seattle Taxicab & Transfer Co.*, 90 Wash. 416, 156 Pac. 837, where we held the act constitutional. The reasons for our holding are fully stated in the opinion in that case, and it is unnecessary to repeat them

here. On the authority of the case referred to, we hold the act constitutional.

The appellant makes a further contention that the statute is not applicable to its situation; first, because the statute applies only to common carriers of passengers and that it is not such a common carrier; and second, because the auto service conducted by it is an integral part of a ferry system operated by the Port of Seattle, a municipal corporation.

As to the first objection, it may be conceded that the statute applies only to common carriers of passengers in motor propelled vehicles, and we need notice the part of the objection only which denies that it is such a carrier. The record shows that the appellant was duly organized as a corporation under the laws of the state of Washington. Its articles of incorporation are not disclosed, but it is stipulated that it was organized "for the purpose of engaging in the performance of a certain contract with the Port of Seattle, as set forth in Exhibit 2," as a part of the stipulation. The contract so set forth, after reciting that the Port of Seattle maintains and operates a ferry service for carrying passengers between the business district of the city of Seattle to a portion of the city known as West Seattle, and that the appellant "for itself, its successors and assigns, is desirous of establishing an auto bus service so as to furnish a connecting service with said ferry for the inhabitants of the west side," provides that the appellant will maintain and operate, for a period of ten years, an auto bus service for carrying passengers to and from the terminal of the ferry at West Seattle and certain other designated points in the city named. There is no agreement that the appellant will carry any or all persons who present themselves for carriage, but only an agreement to furnish transfer service for passengers going to and from the ferry. It is on this latter fact that the appellant founds its contention that it is not a common carrier of passengers. But we think it manifest that the appellant is a common carrier of passengers. It must carry all persons up

to the limit of its capacity who present themselves for carriage at the ferry landing, and all those who present themselves for carriage at any convenient point in its route for carriage to the ferry landing, and this makes it a common carrier of passengers whether it carries passengers between other designated points or not.

The second contention, we think, is equally without merit. In the first place, the service conducted by the appellant is independent of the services conducted by the Port of Seattle and is not an integral or any part of that service. While the service doubtless operates to the mutual benefit of both, the parties treated with each other as independent corporations, the Port of Seattle going so far as to exact a bond conditioned that the appellant would hold the Port harmless from any judgment obtained against either party "by reason of any person being injured on or by" the vehicles used by the appellant.

In the second place, it is not the rule that a municipal corporation can itself engage, or contract with another to engage, in the business of carrying passengers for hire in contravention of a public statute forbidding it. A municipal corporation, like every other corporation or person, must act within the law. Its acts otherwise are without authority, and subject its agents and servants who assist in the unlawful acts to liability as independent actors. Wharton, Criminal Law, § 377.

The judgment is reversed on the appeal of the state, and affirmed on the appeal of the Ferry Line Auto Bus Company.

MORRIS, C. J., CHADWICK, MOUNT, and ELLIS, JJ., concur.