(98 South. 581)

**McLENDON et al. v. BOYLES TRANSIT CO. (6 Div. 41.)**

(Supreme Court of Alabama. Dec. 22, 1923.)

**Municipal corporations ⬅703(1) — Granting use of streets discretionary with authorities.**

Under Const. 1901, § 220, prohibiting the use of public streets for the operation of any public utility or private enterprise without the consent of the proper authorities of the city, town, or village, the granting or refusing of the use of the streets and public highways in a city is within the discretion of the constituted authorities of the city.

Appeal from Circuit Court, Jefferson County; Wm. M. Walker, Judge.

Action by the Boyles Transit Company against D. E. McLendon and others. From judgment rendered, the defendants appeal. Reversed and rendered.

W. J. Wynn and W. A. Jenkins, both of Birmingham, for appellants.

Black, Harris & Foster, of Birmingham, for appellee.

PER CURIAM. The question in this case is that of consent of the city commissioners of Birmingham to traverse and use the streets of that city in the operation of the "private enterprise" shown by pleadings and proof, without first obtaining the consent of the proper authorities of the city within the provisions of section 220 of the Constitution 1901, as construed by this court. City of Montgomery v. Orpheum Taxi Co., 203 Ala. 103, 82 South. 117; Ex parte Ashworth, 204 Ala. 391, 86 South. 84; Harris v. Barrett, 206 Ala. 263, 89 South. 717; Giglio v. Barrett, 207 Ala. 278, 283, 92 South. 668; Cloe, Com'r of Public Safety, v. State ex rel. Hale, 209 Ala. 544, 96 South. 704. And this consent has been denied, or, rather, has not been obtained by complainant from the duly constituted authorities of that municipality. The exercise of this discretion to grant or to refuse said use of the streets and public highways in such municipality has (by the Constitution) been vested in such duly constituted authorities.

We have examined carefully the pleadings and proof. and are of opinion that there has been no violation of a right of the complainant guaranteed by the Fourteenth Amendment to the Constitution of the United States or by the Constitution of this state. The complaint shows no right to injunctive relief granted by the decree of the circuit court from which the appeal is taken, and on principle this case is ruled by the decision rendered this day in Birmingham Interurban Taxicab Service Corporation v. D. E. McLendon et al. (Ala. Sup.) 98 South. 578.[1] The two cases have been considered together, and are governed by like principles under section 220 of the Constitution of this state.

The decree of the circuit court in equity is reversed, and one here rendered dissolving the temporary injunction.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.