(106 So. 143)

ISBELL v. RIDDLE, Judge of Probate.
(7 Div. 609.)

(Supreme Court of Alabama.   Nov. 12, 1925.)

1. Taxation ☞545—Provision requiring suretyship by surety company qualified to do business in Alabama held constitutional.

Code 1923, § 3046, requiring suretyship for tax collector to be by surety company qualified to do business in Alabama, held to be within legislative power and discretion, and not to contravene any constitutional provision.

2. Taxation ☞547—Personal bond of tax collector held properly disapproved.

Under Code 1923, §§ 2661, 3046, bond of tax collector, whose term of office, by General Acts 1923, p. 198, § 86A, was extended, executed by personal sureties after failure to get surety bond, was properly disapproved, notwithstanding Code 1923, §§ 2600, 2640, and 2658.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Petition of J. L. Isbell for mandamus to L. B. Riddle, as Judge of Probate of Shelby County. From a judgment sustaining a demurrer to the petition, petitioner appeals. Affirmed.

Appellant was elected in 1920 as tax collector of Shelby county, and by the provisions of the act passed August 22, 1923 (Gen. Acts 1923, pp. 152, 198), his term of office was extended two years, and it became necessary that he execute a new bond for such extended term, said new term commencing October 1, 1925. Appellant tendered to the judge of probate of that county a bond in the amount and conditioned as required by law with sureties composed of taxpayers and residents of Shelby county, who were good and sufficient sureties. The probate judge refused to accept and approve said bond, for the sole reason that the same was a personal bond, and not executed by a surety company qualified to do business in this state.

The petition further shows that prior to the presentation of such bond to the probate judge, he had made application to every surety or guaranty company qualified under the laws of this state to make and execute his official bond for said extended term, but that each of said companies refused to make and execute such bond or to become surety thereon. By this proceeding for mandamus appellant sought to compel an approval of the bond tendered. From the adverse ruling of the circuit court upon this petition, appellant has prosecuted this appeal.

Leeper, Wallace & Saxon and L. H. Ellis, all of Columbiana, for appellant.

A personal bond is sufficient. Code 1923, §§ 2661, 2600. Section 2658, Code 1923, does not apply to the bond in this case.

Paul O. Luck and John J. Haynes, both of Columbiana, for appellee.

The bond of petitioner must be made by a surety company. Code 1923, § 2658. The Legislature has power to regulate the giving and making of official bonds. Ex parte Buckley, 53 Ala. 42; State v. Flinn, 77 Ala. 100; Steele v. Tutwiler, 68 Ala. 107.

GARDNER, J. The meritorious question here presented is whether or not petitioner in this proceeding (appellant here) may be permitted to execute his official bond for the extended term as tax collector of Shelby county, with sureties other than a surety company qualified to do business in Alabama. Under section 2661, Code 1923, petitioner, being a county officer whose term had been extended, was required to execute a new bond for the time of such extension, such bond to be governed by all provisions applicable to the bonds required for the regular term. By the provisions of section 192, General Acts 1919,

p. 282, the official bond of the tax collector could be executed "with personal sureties, or with a surety company qualified to do business in Alabama," but as carried forward into the Code of 1923, the words "with personal sureties" are omitted, and the statute as it now reads requires the suretyship to be by "a surety company qualified to do business in Alabama." Section 3046, Code 1923.

[1] This section of the Code provides specially for the bonds of tax collector, and governs and controls this case. We find nothing in any of the provisions of sections 2600, 2640, or 2658, Code of 1923, cited by counsel for appellant, that at all militates against this conclusion. With the wisdom of the statute we are not here concerned. Nor should the result be affected by the fact the petition may disclose a hardship in this particular case. That it is within the legislative power and discretion and contravenes no constitutional provision, we think is well settled by the decision of this court in Ex parte Buckley, 53 Ala. 42.

[2] We conclude, therefore, that the bond tendered did not comply with the statute in the respect herein indicated, and approval was properly withheld.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.