156 So. 635

### FARRELL et al. v. CITY OF MOBILE.

#### 1 Div. 823.

Supreme Court of Alabama.

June 21, 1934.

Rehearing Denied Oct. 11, 1934.

D. R. Coley, Jr., Wm. C. Taylor, and George S. Taylor, all of Mobile, for appellants.

Stevens, McCorvey, McLeod, Goode & Turner and Harry Seale, all of Mobile, for appellee.

FOSTER, Justice.

This is a bill in equity by the city of Mobile to enjoin respondents, taxicab operators, from using the streets of Mobile as a public or private enterprise for the transportation of passengers in violation of a city ordinance fixing the regulations under which such operations shall be conducted, and without obtaining the consent of the city, as required by section 220, Constitution.

There are two chief contentions made by appellant going to the right of the city to the injunction. The questions are presented by demurrer to the bill. The demurrers were overruled.

The first is that chancery will not enjoin the violation of an ordinance when such violation is punishable by fine or imprisonment as in a criminal case. We of course recognize the general principle that equity will not enjoin prosecutions for the violation of an invalid city ordinance, except where the enforcement of the ordinance will destroy or impair property rights. Board of City Com'rs v. Orr, 181 Ala. 308, 61 So. 920, 45 L. R. A. (N. S.) 575; Davidson v. Phelps, 214 Ala. 236, 107 So. 86; Walker v. City of Birmingham, 216 Ala. 206, 112 So. 823.

But it is also asserted by the courts and text-writers that, "where a public service company illegally attempts to use the streets, two remedies are open to the municipality—one, to resist by force the use of the streets, and the other to apply to a court for equitable relief against the use." 4 McQuillin on Municipal Corporations, § 1911 (1767); Somerville Water Co. v. Somerville Borough, 78 N. J. Eq. 199, 78 A. 793; Patapsco Electric Co. v. Baltimore, 110 Md. 306, 72 A. 1039; City of Lake Charles v. L. C. Ry., L. & W. Co., 144 La. 217, 80 So. 260; Dillon on Municipal Corporations §§ 806, 1130, 1167; 42 C. J. 699. For authorities on kindred questions, see Bienville Water S. Co. v. Mobile, 112 Ala. 260, 20 So. 742, 33 L. R. A. 59, 57 Am. St. Rep. 28; 2 Joyce on Injunctions, §§ 1284, 1285; 26

C. J. 1046; Port of Mobile v. L. & N. R. R. Co., 84 Ala. 115, 4 So. 106, 5 Am. St. Rep. 342; Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596.

We agree with those authorities that an injunction is an appropriate, effective, and orderly procedure by the city to force the respondents to observe the proper requirements of the city within the rights granted to it by section 220, Constitution.

The other point of attack on the decree overruling appellants' demurrer is that section 34 of the ordinance is in violation of the rights of appellants secured by the United States Constitution (Amendment 14), and, in effect, transfers to the surety or insurance companies the power to extend the privilege which section 220 of the Constitution of Alabama confers on the city. That section of the ordinance requires the owner of the taxicab, as a condition precedent to its operation as such, to procure and file with the city commission an indemnity bond or liability insurance policy. The bond must be made by a surety company, and the insurance policy executed by an insurance company, which shall each, respectively, be authorized to do business in Alabama. This is treated as meaning one which has qualified as such under the applicable Alabama laws.

It is first insisted that the requirements infringe upon what appellants claim are their constitutional rights to post a bond with individual sureties, and that the requirement that it shall be a surety company is unreasonable, deprives them of the equal protection of the laws, or of property rights without due process.

It is sought here to apply the principle asserted in Frost v. R. R. Comm. of Calif., 271 U. S. 583, 46 S. Ct. 605, 70 L. Ed. 1101, 47 A. L. R. 457, that a state cannot, either by its own legislative act or by a city within the power granted to it, in the guise of an ordinance fixing the conditions on which the streets may be permitted to be used for hire, deprive the proposed user of the rights expressly or impliedly granted by the United States Constitution.

In that case it was held that though the state had the power to deny the privilege, and could grant it upon such conditions as it saw fit, such power was not unlimited, and cannot reach unconstitutional results. It was held to violate the due process clause to require a private enterprise using the streets to become a common carrier. See, also, City of Memphis v. Cumberland T. & T. Co., 218 U. S. 624, 31 S. Ct. 115, 54 L. Ed. 1185.

In the case of Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 259, 68 L. Ed. 596, the same principle was recognized, but it was held that an ordinance similar to the one we are dealing with, but which did not limit the surety on the bond to a surety company, did not violate any constitutional right. It was held that the inability to comply with the requirements because of circumstances peculiar to him did not militate against the constitutionality of the statute, declaring that "A distinction must be observed between the regulation of an activity which may be engaged in as a matter of right and one carried on by government sufferance or permission. In the latter case the power to exclude altogether generally includes the lesser power to condition and may justify a degree of regulation not admissible in the former," and cited in that connection Davis v. Commonwealth of Massachusetts, 167 U. S. 43, 17 S. Ct. 731, 42 L. Ed. 71.

While the court was there dealing with an ordinance which permitted personal sureties on the bond which was required, its holding was that though the user could not secure such bond, nor pay for a surety bond, the ordinance did not contain an arbitrary or unconstitutional requirement, though it was conceded that any arbitrary or unreasonable requirement is discriminatory and unconstitutional, although there is a power to prohibit. On the same subject, see, also, Yick Wo v. Hopkins, 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed. 220; Delaware, L. & W. R. R. Co. v. Morristown, 276 U. S. 182, 48 S. Ct. 276, 72 L. Ed. 523; State of Florida v. Raymond Dillon, 82 Fla. 276, 89 So. 558, 22 A. L. R. 227; Star Transportation Co. v. Mason, 195 Iowa, 930, 192 N. W. 873.

In the case of Isbell v. Riddle, 213 Ala. 686, 106 So. 143, this court held that section 3046, Code, to the extent that it required tax collectors to make bond with a surety company qualified to do business in Alabama, contravenes no constitutional provision.

All the cases which we have seen on the subject, except Jitney Bus Ass'n v. Wilkes-Barre, 256 Pa. 462, 100 A. 954, agree that a requirement that a taxi or jitney operator must execute bond with a qualified surety company is not invalid, since it is not arbitrary and infringes on no constitutional right. Lutz v. New Orleans (D. C.) 235 F. 978; Id., 237 F. 1018, 150 C. C. A. 654; In re Cardinal, 170 Cal. 519, 150 P. 348, L. R. A. 1915F, 850; State v. Seattle Taxicab & Transfer Co., 90 Wash. 416, 156 P. 837; State v. Ferry Line Auto Bus Co., 93 Wash. 614, 161 P. 467; Hadfield v. Lundin, 98 Wash. 657,

168 P. 516, L. R. A. 1918B, 909, Ann. Cas. 1918C, 942; Auto Transit Co. v. Ft. Worth (Tex. Civ. App.) 182 S. W. 685; New Orleans v. Le Blanc, 139 La. 113, 71 So. 248; Smallwood v. Jeter, 42 Idaho, 169, 244 P. 149; Hester v. Ark. R. Commission, 172 Ark. 90, 287 S. W. 763; Weksler v. Collins, 317 Ill. 132, 147 N. E. 797; Sprout v. South Bend, 198 Ind. 563, 153 N. E. 504, 154 N. E. 369, 49 A. L. R. 1198; Id., 277 U. S. 163, 48 S. Ct. 502, 72 L. Ed. 833, 62 A. L. R. 45; Williams v. Denney, 151 Wash. 630, 276 P. 858; 42 C. J. 715, § 166; 22 A. L. R. 233.

We see no reason for not extending the principle which was asserted in Isbell v. Riddle, supra, to the present situation, in line with a great majority of the authorities. That result is supported by our cases of City of Montgomery v. Orpheum Taxi Co., 203 Ala. 103, 82 So. 117, and Birmingham Interurban Taxicab Service Corporation v. McLendon, 210 Ala. 525, 98 So. 578, and McLendon v. Boyles Transit Co., 210 Ala. 529, 98 So. 581.

There are other contentions made of minor importance, such as that of the limit to the number of taxicabs, the requirements for taximeters, etc., which are, we think, controlled by the principles settled in the cases cited, and need no special discussion.

The decree overruling the demurrer was, in our judgment, without error, and it is affirmed.

Affirmed.

THOMAS, BOULDIN, and KNIGHT, JJ., concur.