163 So. 341

FIDELITY & DEPOSIT CO. OF MARY-LAND v. GOODWYN.

3 Div. 134.

Supreme Court of Alabama.
June 20, 1935.

Rehearing Denied Oct. 10, 1935.

46

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Ball & Ball, of Montgomery, for appellee.

**THOMAS, Justice.**

The suit is by the surety company praying for the allowance of its claim, with interest, from the fund being administered by the special trustee for the benefit of holders of lawful claims and obligations of nonresident surety corporations admitted and doing business in this state.

The pertinent statutes for construction are those embraced in chapter 45, article 7, of the Code of 1928, of which sections 2640, 2657, and 2658 are a part. Michie's Code 1928, § 2640 et seq., p. 442 et seq.

The pertinent provisions on the subject are found in section 2642 of the Code, which provides: *"Prerequisite to granting authority to foreign corporation; application showing financial condition; deposit; charter; agent and place of business; certificate of authority; semi-annual reports; annual license tax.*—If such corporation be incorporated under the laws of any other state, in order to be qualified to so become such surety, it must have an authorized capital stock or at least two hundred and fifty thousand dollars, which must be fully paid and unimpaired, and safely invested in the securities created by the laws of the United States, or by or under the laws of the state where it is incorporated, or in other safe, marketable, and interest-bearing stocks, bonds, or other securities, the value of which shall be at or above par, one hundred thousand dollars of which shall be deposited with or held by the insurance commissioner or other corresponding financial officer of the state in which such corporation is incorporated and has its principal place of business, in trust for the benefit of the holders of the obligation of such corporation and, in addition there-

to, such corporation shall also deposit with the treasurer of this state fifty thousand dollars of like securities, *in trust for the benefit of the resident holders of the obligations of such corporation, at their market value.*" (Italics supplied.)

And in section 2657, providing as follows: "*Article applies only to official bonds and the like.*—Nothing herein contained shall apply to any bond or undertaking which is not by law required to be approved by any state, county, municipal, precinct, township, district, or other like office, or by any judge, clerk or register of any court of this state, or to corporations engaged merely in the business of becoming sureties on any such bond or undertaking; and the acts and duties heretofore required to be performed by the auditor and the secretary of state, but now authorized to be performed by the superintendent of insurance under this Code, are declared valid and binding whether performed by the auditor or secretary of state, as formerly required, or by the superintendent of insurance, as now required."

Article 7 of chapter 45 of the Code comes to us from the Act of 1897 (Acts 1896–7, p. 830), and was codified as article 5, § 1507 et seq., of the Code of 1907. Each of these statutes (section 1509, Code 1907, section 2642, Code 1928) contains the following words from the Act of 1897 (Acts 1896–7, p. 833, § 3): "* * * In trust for the benefit of the holders of the obligations of such corporation and, in addition thereto, such corporation shall also deposit with the Treasurer of this State fifty thousand dollars of like securities, in trust for the benefit of the resident holders of the obligations of such corporation, at their market value."

In Ex parte Goodwyn, 227 Ala. 173, 179, 149 So. 216, 221, this question was approached, and the holding was, that "the state treasurer is the trustee and the statutory custodian of the securities deposited under the provisions of section 2642 of the Code, and 'the decisions seem to indicate a disposition, if not a settled rule, on the part of the courts, to hold that' the state official cannot be compelled to turn the deposit over to the receiver, unless the statute either, in plain words or by implication, so directs. The reason underlying such rule is that the state officer has been by law made trustee of

the fund for a special use, and in the absence of fraud on the part of the trustee the court has no power to hinder him from performing his trust.' 23 R. C. L. p. 50, § 53; Id., p. 31, § 28; Vandiver et al. v. Poe et al., 119 Md. 348, 87 A. 410, 46 L. R. A. (N. S.) 187, Ann. Cas. 1914D [435], note 439, 440."

It will be observed that chapter 45 of the Code of 1928 deals with "Offices and Officers," and article 7 thereof with "Bonds by Guarantee Companies" and the authority to accept corporate sureties having duly qualified.

It is provided in section 1 of the Act of 1897 (Acts 1896–7, p. 830) that corporations may become sureties on official and ordinary bonds; section 2 referred to the qualifications of a domestic corporation to do business under the act; section 3 provided for the licensing of foreign guarantee corporations and for the deposits by them with the designated official of $50,000 in securities, as we have above indicated, "in trust for the benefit of the resident holders of the obligations of such corporation"; and the concluding provisions of the act, contained in section 19, are as follows: "That nothing herein contained shall apply to any bond or undertaking which is not by law required to be approved by any State, county, municipal, precinct, township, district or other like officer, or by any judge, clerk or register of any court of this State, or to corporations engaged merely in the business of becoming sureties on any such bond or undertaking." Acts 1896–7, p. 840.

As before stated, this act was codified as section 1507 et seq. of the Code of 1907, then as section 2640 et seq. of the Code of 1928, and, as codified, it contained, among other things, the following provisions: "Whenever any person or corporation is or may be required or permitted to execute bond, or other undertaking, of whatsoever nature, with surety or sureties for the faithful discharge or performance of the duties of any state, county, municipal, precinct, township, district, or corporate office or position, or of any position of public or private trust or employment, for the faithful discharge or performance of any duty, or for the doing or not doing of anything in such bond or undertaking specified; or when any person or corporation is required or permit-

ted to execute any bond or other undertaking, of whatsoever nature, with surety or sureties, in any judicial proceeding, or as guardian, executor, administrator, receiver, assignee, or trustee, the court, officer or person having authority, charged with the duty of approving such bond or undertaking, may, if such bond or undertaking is otherwise sufficient, approve the same when executed by a corporation having the power or authority under its charter to become surety on such bond or undertaking, as surety, and having complied with the provisions of this article; and the execution by any such corporation, as surety, of any such bond or undertaking shall be, in all respects, upon the approval and acceptance of such bond, a full and complete compliance with the requirements of any law, ordinance, rule, or regulation requiring that such bond or undertaking shall be executed by one surety, or by one or more sureties, or that such surety or sureties shall be residents of the state, or any county therein, or shall be householders or freeholders, or either or both, or shall possess any other qualification." Section 2640, Code 1928.

It will be observed that in section 2640 broad terms are employed dealing, as it does, *with surety bonds,* and that it contained no provision for a *special trust fund* as specifically provided by section 2642, declaring, as we have indicated, that such trust fund was "for the benefit of the resident holders of the obligations of such corporation."

The questions here involved, and answered by the trial court, present an alleged conflict between sections 2640–2642 and section 2657 of the Code. The trial court has held, when construed in pari materia, the latter section (2657) imposes the limitations of the Act of 1909 (Acts 1909, Sp. Sess., pp. 329, 336, § 8), and, in turn, the Act of 1897 (Acts 1896–7, pp. 830, 840, § 19). And the provisions of these acts and the several codifications to like effect apply to surety bonds (in the clear and unequivocal language employed) which are required to be given by officials under sections 2658, 3046 of the Code. Faircloth-Segrest Mercantile Co. v. Roach, Judge of Probate, 211 Ala. 498, 100 So. 908. See, also, Acts 1933, Ex. Sess., p. 203. In Isbell v. Riddle, Judge of Probate, 213 Ala. 686, 106 So. 143, the provisions of section 3046 of the Code were held constitutional, requiring the tax collector to give an official bond with a qualified surety company. Farrell et al. v. City of Mobile, 229 Ala. 294, 156 So. 635.

In section 2657, the double negative introduced in the use of the words, "Nothing herein" and "not by law," can mean only that the "article shall apply only to a bond to be approved by any state, county, municipal, precinct, township, district, or other like office, or by any judge, clerk or register of any court of this state." And when sections 2642 and 2657 are construed in pari materia, the specific provisions of section 2657 must prevail. Such is the holding of the lower court, and is in accord with the general authorities (59 C. J. 999), and with the rule that obtains in this jurisdiction; that the last expression of legislative will must prevail. State et al. v. Burchfield Bros., 211 Ala. 30, 99 So. 198; Davis v. State ex rel. County Board of Equalization of Cherokee County, 16 Ala. App. 397, 78 So. 313. This is shown by a study of the legislative history of section 19 of the Act of 1897, and that of section 2657 of the Code.

The provisions of section 19 of the Act of 1897 (Acts 1896–7, p. 840), now section 2657 of the Code, were added by a joint committee of conference of the House and Senate, February 11, 1897, and concurred in by House Journal 1048–1051. It was not only the last expression of legislative will, but was a material inducement to concurrence by the joint committee of conference of the two houses, and instrumental in the adoption. S. J. 882–884, February 11, 1897. So is it the last expression of legislative will as it is incorporated into the Code.

No doubt the Legislature was impressed that surety bonds (so provided for the giving) were of a higher and prior order than other private claims of such nonresident corporations, since the general public was interested, as distinguished from a bond in which a private individual had an interest, in the official security in question.

This view is further indicated or confirmed by an examination of chapter 306, art. 10, sections 8514–8517 of the Code, dealing with "Miscellaneous Insurance Companies," including those "doing an accident and health, liability, fidelity, surety, plate glass, * * * or any other casualty business." Section 8514.

Under section 8515. of the Code, provision is made for doing business without depositing funds with the state treasurer to secure resident creditors, as was required of companies' qualified to become sureties on official bonds. When such provision is considered in connection with the statute we are construing, section 2657 of the Code, it is plain that companies making surety bonds are required to make the large deposit we have indicated, for the specific suretyship engaged in and permitted by law. That is to say, it was the legislative intent that the $50,000 deposit required was to secure primarily official bond claims and other bond claims mentioned in section 2657 of the Code; that other bond claims not so included are not preferred claims upon that deposit.

It follows from this that questions 1 and 2 are properly answered in the affirmative by the trial court.

With reference to the constitutionality of section 2642 of the Code, we find no reason to say that this statute is offensive to the provisions of the Fourteenth Amendment. A state may require a foreign corporation, as a condition precedent to the right to enter the state to do business, to make a deposit in trust, as was done by this statute, for the protection of, and for the exclusive benefit of, its citizens as against a nonresident creditor. 14a C. J. 1265, § 3968; 32 C. J. p. 989, § 21; 32 C. J. p. 995, § 28; Lewis v. International Insurance Co., 198 Ala. 411, 73 So. 629. And for like reason is not offensive to the provisions of article 4, § 2, Const. U. S., vol. 1, Code Ala. 1923, p. 161, that "the Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." There is no denial of these rights in fixing the conditions precedent required of nonresident corporations of the class indicated, coming to this state to engage in the business of contracting for such suretyships. Blake v. McClung, 172 U. S. 239, 19 S. Ct. 165, 43 L. Ed. 432; 14a C. J. p. 1265, § 3968.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.