24 So.2d 543

### BUSH v. CITY OF JASPER.

6 Div. 411.

Supreme Court of Alabama.

Dec. 6, 1945.

As Modified on Denial of Rehearing Jan. 24, 1946.

Curtis & Maddox, Pennington & Tweedy, and Carl Elliott, all of Jasper, for appellee.

Chas. W. Greer, of Birmingham, and R. L. Newton, of Jasper, for appellant.

GARDNER, Chief Justice.

The bill was filed by the City of Jasper seeking injunctive relief against the operation by defendant, Costen Bush, of a taxicab business within the corporate limits of said city without a permit therefor. The temporary writ was granted, and a motion to dissolve overruled. Defendant's demurrer to the bill was likewise overruled. But reduced to the last analysis, the only matter here argued both orally and by brief relates to the single question as to whether or not the bill was equity.

■ That injunction is an "appropriate, effective, and orderly procedure by the city" in such a case appears not to be questioned. Farrell v. City of Mobile, 229 Ala. 294, 156 So. 635, 636.

■ Confessedly, both by the pleadings and argument of counsel, defendant has no permit from the city for the operation of a taxicab business therein. Of course, one engaged in a taxicab business is a common carrier of passengers and has no inherent or natural right to operate motor vehicles as a common carrier of passengers on the streets of the city. Birmingham Interurban Taxi Serv. Corp. v. McLendon, 210 Ala. 525, 98 So. 578; City of Montgomery v. Orpheum Taxi Co., 203 Ala. 103, 82 So. 117.

The Constitution of Alabama of 1901, in Sec. 220 reads as follows:

"No person, firm, association, or corporation shall be authorized or permitted to use the streets, avenues, alleys, or public places of any city, town, or village for the construction or operation of any public utility or private enterprise, without first obtaining the consent of the proper authorities of such city, town, or village."

And Sec. 72, Title 10, Code 1940, containing language of like import, is as follows:

"No person, firm, association, or corporation shall be authorized to use the streets, avenues, alleys, and other public places of cities, towns, or villages for the construction or operation of any public utility or private enterprise, without first obtaining the consent of the proper authorities of said city, town, or village."

The statute appropriately reinforces the provisions of Section 220 of the Constitution. Our authorities have often stressed the emphatic and mandatory provisions of Section 220, supra. It grants to the cities certain constitutional rights which are not to be invaded. As observed in Birmingham Interurban Taxi Serv. Corp. v. McLendon, supra [210 Ala. 525, 98 So. 580]:

"The framers of section 220, above, must have foreseen the increasingly acute situation on the streets of our cities. The control of the streets in conserving the public safety and convenience was deemed an essential sovereign power in the local authorities, who alone can keep an eye on conditions, and meet the needs as they arise."

■■ The same authority also recognizes that the privilege of operating a taxi business as a common carrier of passengers for hire upon the streets of a city is in the nature of a franchise or easement, and that under our Constitution it can not be acquired without the consent of the city authorities. To consent or not to consent to a taxi business on the streets of a city is a power guaranteed by the Constitution, a power that the legislature and the courts must alike respect.

And in McLendon v. Boyles Transit Co., 210 Ala. 529, 98 So. 581, a case considered with that last above cited, the Court observed:

"And this consent has been denied, or, rather, has not been obtained by complainant from the duly constituted authorities of that municipality. The exercise of this discretion to grant or to refuse said use of the streets and public highways in such municipality has (by the Constitution) been invested in such duly constituted authorities."

■ And in City of Mobile v. Farrell, supra, the opinion, citing these last two cases, expressly held that the city could, without the enactment of any ordinance, make a specific grant of franchise rights to one taxicab company and withhold it from another for no reason other than its own discretion; and that it is wholly within the province of the city authorities, under Section 220 of the Constitution, to grant its consent or withhold it from any person or corporation. It is within the irrevisable discretion of the city authorities to determine whether, and to what extent, the service is needed and to fix and determine the streets and to name the grantee of the right. Like thought was expressed in City of Decatur

v. Meadors, 235 Ala. 544, 180 So. 550, 553, where the Court observed:

"Section 220 of the Constitution vests in cities and towns an irrevisable discretion to refuse or grant to such carriers the right to use their streets and ways in the conduct of such business, not controllable by injunction."

Like principle was recognized in McCraney v. City of Leeds, 241 Ala. 198, 1 So.2d 894, where it was pointed out that our Constitution is a recognition of inherent power in towns and cities to withhold consent and to inhibit the use of a public street in any private enterprise.

■ So far as we have been able to follow the brief of counsel for the defendant, the foregoing authorities interpreting Section 220 of our Constitution have not been sufficiently answered. But as we gather from the argument of counsel, they rest their defense largely, if not wholly, upon what they conceive to be an invalid provision of the ordinance of the City of Jasper concerning the use of the streets for a taxicab business. The insistence is that Section 4 of this ordinance authorizing the city to revoke any permit or franchise upon giving six months' notice is an invalid provision, insisting that under Phenix City v. Alabama Power Co., 239 Ala. 547, 195 So. 894, the city had no right of revocation. It may be well to here observe that the Phenix City case, involving as it did a revocation by the city of a franchise duly granted by it to a public utility, in which there was reserved no right to revoke and as to which the legislature had given the city no power to revoke, and upon the strength of which large investments had been made and which franchise was in the nature of a contract, bears no analogy whatever to the instant case. In the first place, defendant is in no position to speak of revocation in view of the fact that he has been denied a franchise or permit. There can be no revocation of a franchise which has never been granted. For this reason, further discussion of this argument may appear to be superfluous. But in view of the earnest insistence of counsel for defendant, we make these further observations.

Section 4, of which complaint is made, is merely one section of an ordinance containing six separate sections providing for the operation, in the City of Jasper or its police jurisdiction, of automobiles, busses, taxicabs, or other motor vehicles of any kind which carry passengers for hire. Sections 1 and 2 are intended to protect the public by the requirement of liability insurance policies. Section 3 is for the proper identification of the vehicle to be used and its ownership. Section 4 prohibits the use of the streets for such purposes without a franchise from the city, and concludes with what counsel insist is the objectionable feature; that is, the right of the city to cancel said franchise or permit by giving six months' notice. The following section prohibits engaging in such business without fully complying with all the terms and provisions of the ordinance. And the concluding section prescribes penalty for violation of the ordinance.

■ By this ordinance the city has merely fixed certain requirements for one who is to engage in the taxicab business within the corporate limits of the city or its police jurisdiction. The city had the perfect right to fix certain conditions and restrictions intended for the public good. As a part of that ordinance is the stipulation for the right of revocation upon six months' notice. One who applies for the privilege of doing this character of business in the City of Jasper and accepts the franchise under the ordinance is bound by all the provisions therein contained. He accepts the grant of a franchise subject to all its limitations or reservations, including, of course, the power to revoke expressly reserved therein. Having accepted the franchise under these terms, he must be held to have assented to this reservation. This is, we think, not only sound logic, but well supported by the authorities generally. In 23 Am.Jur. p. 735 it is said:

"The right or power of revocation or repeal may, however, be reserved; and where one of the conditions of the grant is that the legislature may revoke or repeal it, a law revoking the privilege or repealing the grant cannot be regarded as one impairing the obligation of a contract, whatever may be the motive of the legislature, or however harshly such legislation may operate in any particular case upon the corporation or parties affected by it. The corporation, by accepting the grant subject to the legislative power so reserved, must be held to have assented to such reservation."

The foregoing text was cited with approval in Phenix City v. Alabama Power Co., supra.

It follows, therefore, that there is no basis for the argument that Section 4 of the

ordinance is invalid. It is merely a reservation to which one accepting a franchise must be held to have assented. But as we have previously observed, this defendant is in no position to present the matter of revocation. We have, however, out of deference to the earnest insistence of counsel endeavored to answer the argument advanced. We forego further discussion.

It is clear enough from what we have said that the learned trial judge correctly ruled, and that the decree rendered should be here affirmed. It is so ordered.

Affirmed.

THOMAS, FOSTER, and LAWSON, JJ., concur.

On Rehearing.

PER CURIAM.

Opinion modified. Application overruled. All the Justices concur.