48 So.2d 21

**TOWN OF FULTONDALE v. CLELLAND BUS LINES, Inc.**

6 Div. 798.

Supreme Court of Alabama.

Oct. 12, 1950.

Taylor & Jeffrey, of Birmingham, for appellant.

E. Grant Fitts and White, Bradley, Arant & All, all of Birmingham, amici curiae.

Jas. B. Smiley, of Birmingham, for appellee.

226

LAWSON, Justice.

This is a bill in equity filed in the circuit court of Jefferson County, in equity, by the town of Fultondale, a municipal corporation of that county, against Clelland Bus Lines, Inc., seeking to restrain and enjoin the respondent bus company from operating any public service automobile or automobiles carrying passengers for hire, designed to seat seven passengers or less, within the corporate limits or police jurisdiction of the town.

The respondent bus company was a common carrier of passengers by motor vehicle operating over regular routes between fixed termini, in accordance with certificate of public convenience and necessity issued by the Alabama Public Service Commission. Alabama Motor Carrier Act, approved July 5, 1940, General Acts 1939, p. 1064, Title 48, § 301(1) et seq., Code 1940, 1949 Cum. Pocket Part, Vol. Seven, pp. 63–92.

The Town of Fultondale was incorporated September 8, 1947. Among other public ways within it at the time of incorporation were Federal Highway 31; Walker's Chapel Road, a county road which branches off from Federal Highway 31; and New Castle Road, another county road which branches off from Federal Highway 31. All these roads extend beyond the municipal limits and police jurisdiction of the town of Fultondale.

Prior to the time that the town of Fultondale was incorporated, the respondent bus company was authorized under its certificate of convenience and necessity to operate as a common carrier of passengers by motor vehicle over all the aforementioned roads from points outside and south of the police jurisdiction of the town, through and to points in the opposite direction beyond the police jurisdiction of said town.

The governing body of the town of Fultondale adopted an ordinance on April 15, 1948, making it unlawful to operate a "taxicab" or "jitney" over the streets of the town otherwise than under permit from the town council. The requirement of the permit was in addition to a license. The ordinance did not contain definitions of "taxicab" or "jitney."

Evidently the ordinance of April 15, 1948, was not thought to apply to the operations then being conducted by the respondent bus company, for on May 4, 1948, or shortly thereafter, a license to operate a "bus system" was issued to the respondent by the town. This license was in response to an application filed with the town authorities, whereon was listed the busses to be used on regular service as well as "extra busses to be used in emergencies." Nine motor vehicles were listed, with seating capacity ranging from twenty-seven to thirty-seven passengers. It has never been contended that respondent needed a permit granted by resolution of the town council to operate over the streets of the town the type of equipment listed on the application for license. We are not concerned here with the authority of the town to exact this license.

After the aforementioned license was issued, the respondent bus company, on July 13, 1948, advised the town authorities that in addition to the equipment theretofore listed, it would operate under its license a 1949 5–passenger Dodge and a 1948 5–passenger Ford.

Thereafter, on July 15, 1948, the governing body of the town adopted an ordinance in part as follows: "* * * that the definition of a taxicab and/or jitney be and is defined as a public service automobile designed to seat seven passengers or less and a bus is a public service automobile designed to seat not less than fifteen passengers.

On July 19, 1948, without having obtained a permit to operate a "taxicab" or "jitney," as defined in the ordinance under date of July 15, 1948, the respondent bus company added to the list of equipment which it expected to operate over the ways of the town, one 1949 5–passenger Ford.

Although no permit was issued under the provisions of the ordinances of April 15th and July 13th, 1948, the respondent bus com-

pany operated the five passenger vehicles on the ways or streets of the town of Fultondale, ostensibly under its certificate of public convenience and necessity.

This suit was instituted to enjoin such operations. The town based its right to relief on the provisions of § 220 of the Constitution and the decisions of this court to the effect that under that section of the Constitution, cities and towns are vested with an irrevisable discretion to refuse or grant to those operating a taxicab business the right to use their streets and ways in the conduct of such business. Bush v. City of Jasper, 247 Ala. 359, 24 So.2d 543, and cases cited.

The respondent based its right to use the roads heretofore referred to within the town without any permit, on the authority of the certificate of public convenience and necessity, which did not purport to prescribe the type of automotive equipment to be used in the operations as a common carrier of passengers.

After hearing, the trial court rendered a decree permanently enjoining and restraining the respondent bus company from operating any of its motor vehicles designed to carry seven passengers or less over any of the streets, avenues, or other public ways of the town, without a permit, except on Federal Highway 31, New Castle Road, and Walker's Chapel Road. The trial court also enjoined the respondent from taking on a passenger anywhere within the police jurisdiction of the town and carrying such passenger to another point within the police jurisdiction of the town and there discharging him.

Such action of the trial court is not questioned on this appeal, as the appellee has not taken a cross-appeal or cross-assigned errors.

This appeal by the town challenges the correctness of the following provisions of the decree of the trial court:

" * * * The Court is of the opinion, therefore,

"1. That Complainant has no right to enjoin Respondent from traversing either segment of Highway Number 31 or either of the County roads designated as the New Castle Road and Walker's Chapel Road, with such motor vehicles as it may choose to operate in accordance with its certificates of convenience and necessity issued by the Alabama Public Service Commission.

"2. That Complainant is not entitled to enjoin the Respondent from carrying passengers for hire whose point of origin is outside the police jurisdiction of complainant and discharging said passengers within said city or its police jurisdiction, and that it has no right to enjoin Respondent from taking on passengers within said police jurisdiction, or within the city limits of Complainant Town and discharging said passengers at a point outside the police jurisdiction of said Town, provided,

"However, sections numbered 1 and 2 immediately above are both subject to the inherent right, consistent with this decree, that every municipality has in the exercise of its police powers to enforce reasonable rules and regulations applicable alike to all public carriers."

We are in accord with the action of the trial court challenged here by the appellant, the town of Fultondale.

There is an entire absence of allegation and proof that the operation of the automotive vehicles designed to carry seven passengers or less over the three roads interferes with or obstructs the ordinary and usual travel on said streets.

It is unnecessary to a decision of this case to express an opinion as to the right of an existing municipality to require a permit as a condition to the use of its streets by a motor carrier operating under a certificate of public convenience and necessity issued by the Alabama Public Service Commission.

Here, the provisions of § 220 of the Constitution were not applicable to the parts of the roads in question at the time the respondent bus company secured its certificate of public convenience and necessity, for the reason that the town of Fultondale was not then in existence. Respondent's right to operate over said roads was not superseded by the subsequent incorporation of the com-

228

plainant town. City of Prichard v. Alabama Power Co., 234 Ala. 339, 175 So. 294.

The decree of the circuit court is affirmed.

Affirmed.

BROWN, LIVINGSTON and SIMPSON, JJ., concur.